UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IMX, INC., d/b/a GLOBAL NETOPTEX, INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>E-LOAN, INC. and BANCO POPULAR NORTH AMERICA, INC.,<br><br>      Defendant. | CASE NO. 09-20965 MARTINEZ-BROWN<br><br>**JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, IMX, Inc., d/b/a Global Netoptex, Inc. ("IMX"), sues defendants E-LOAN, Inc. ("E-LOAN") and Banco Popular North America, Inc. ("Banco Popular") (collectively, "Defendants").

### THE PARTIES

1. IMX is a Delaware corporation having a place of business at 75 E. Santa Clara Street, Suite 800, San Jose, California 95112.

2. On information and belief, E-LOAN is a Delaware corporation having a place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588 and conducting business in the State of Florida.

3. On information and belief, Banco Popular is a Delaware corporation having a place of business at 9600 W. Bryn Mawr Ave. Rosemont, IL 60018 and conducting business in the State of Florida.

### JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the U.S. Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1338.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Defendants reside in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Personal jurisdiction exists in this matter because E-Loan and Banco Popular both:

    a. Operate, conduct, engage in or carry on a business or business venture in this State and have an office or agency in this State and this claim arises from those activities.

    b. Committed a tortious act within the State and this claim arises from that act or acts.

    c. Conduct substantial and not isolated activity within this State.

    d. Have registered agents for the purposes of, *inter alia*, accepting service of process and thus they lack any objection to this Court's personal jurisdiction.

## THE PATENT

7. On November 30, 1999, U.S. Patent No. 5,995,947 (the "'947 patent"), entitled "Interactive Mortgage and Loan Information and Real-Time Trading System," was duly issued to inventors Stephen Fraser, Sadashiv Adiga, and Suresh Payankannur. All rights, title and interest in the '947 patent were assigned to IMX, which remains the sole owner of the '947 patent. A copy of the '947 patent is attached to the Complaint as Exhibit A.

## NOTICE OF INFRINGEMENT

8. On November 24, 2003, IMX filed a civil action for infringement of the '947 patent in the District of Delaware naming E-LOAN as a defendant. Accordingly, E-LOAN has had actual notice of its infringement of the '947 patent as of November 24, 2003, at the latest.

## COUNT ONE: Infringement of U.S. Patent No. 5,995,947

### (as to Defendant E-LOAN)

9. IMX realleges the foregoing paragraphs 1 through 8.

10. E-LOAN has infringed and continues to infringe, has induced and continues to induce, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '947 patent by making, selling, using, contributing to others' use of, and/or inducing others' use of the hardware and software to provide the online mortgage loan application processing system accessible by and through at least E-Loan's website at the webpage available at http://www.eloan.com, including without limitation the E-Track loan application status monitoring service.

11. E-LOAN's acts of patent infringement were, and continue to be, willful and deliberate.

12. As a result of E-LOAN's patent infringement, IMX has suffered damages in an amount not yet determined, and will continue to suffer damages in the future.

13. Unless a preliminary and permanent injunction are issued enjoining E-LOAN and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '947 patent, IMX will be greatly and irreparably harmed.

## COUNT TWO: Infringement of U.S. Patent No. 5,995,947

### (as to Defendant Banco Popular)

14. IMX realleges the foregoing paragraphs 1 through 8.

15. Banco Popular has infringed and continues to infringe, has induced, and continues to induce, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '947 patent by making, selling, using, contributing to others' use of, and/or inducing others' use of the hardware and software to provide the online mortgage loan application processing system available by and through at least Banco Popular's website at the webpage available at http://www.netmovein.com/home/landscape?cid=14752,

including without limitation the loan application status monitoring service.

16. On information and belief, Banco Popular's acts of patent infringement were and continue to be willful and deliberate.

17.1 As a result of Banco Popular's patent infringement, IMX has suffered damages in an amount not yet determined, and will continue to suffer damages in the future.

18. Unless a preliminary and permanent injunction are issued enjoining Banco Popular's and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '947 patent, IMX will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, IMX prays for relief as follows:

a. A judgment that E-LOAN and Banco Popular have infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of U.S. Patent No. 5,995,947;

b. Judgment that Defendants' patent infringement has been, and continues to be, willful and deliberate;

c. An order preliminarily and permanently enjoining E-LOAN and Banco Popular, their subsidiaries, officers, agents, servants, employees, licensees and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, from further infringement, inducement of infringement, or contributory infringement of U.S. Patent No. 5,995,947;

d. An order directing Defendants to account for and pay to IMX all damages caused to IMX by reason of Defendants' patent infringement, pursuant to 35 U.S.C. § 284, including increased damages under 35 U.S.C. § 284;

e. An order directing Defendants to pay IMX's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

f. An award of pre-judgment and post-judgment interest on the damages

4

caused to IMX by Defendants' patent infringement; and

      g.    That this Court award such other and further relief as deemed just and proper under the circumstances.

Dated: July 16, 2009

                ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
Local Counsel for Plaintiff
701 Brickell Avenue
16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202


By:   /s Edward M. Mullins
     Edward M. Mullins
     Chalon T. Allen
     Florida Bar Nos. 863920 & 573507
     emullins@astidavis.com

    -and-

M. Elizabeth Day (*pro hac vice*)
William G. Goldman (*pro hac vice*)
Erik R. Fuehrer (*pro hac vice*)
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Fascimile: 650.833.2001

Stanley Panikowski*
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701

Lead Counsel for Plaintiff IMX, Inc.

*Pro hac vice application to be filed.

F:\WDOX\CLIENTS\99999\0229\00085855.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2009, I filed the foregoing document with the Clerk of the Court who will generate Notices of Electronic Filing to all counsel of record or other persons authorized to receive Notice of Electronic Filing generated by CM/ECF, including counsel for Defendants, Samuel A. Lewis, Feldman Gale, 2 South Biscayne Boulevard, 30th Floor, Miami, Florida 33131.

/s Edward M. Mullins
Edward M. Mullins