UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IMX, INC., d/b/a GLOBAL NETOPTEX, INC.,

    Plaintiff,

vs.

E-LOAN, INC. and BANCO POPULAR NORTH AMERICA, INC.,

    Defendant.

CASE NO. 09-20965-CIV-JEM
Magistrate Judge Brown

**REFERRED TO MAGISTRATE BROWN**

### PLAINTIFF IMX, INC.'S MOTION FOR EXPEDITED RESPONSE AND/OR HEARING ON MOTION TO SHORTEN TIME FOR DEFENDANT E-LOAN TO RESPOND TO IMX, INC.'S MOTION TO COMPEL ADDITIONAL RULE 30(B)(6) TESTIMONY AND INCORPORATED MEMORANDUM OF LAW

Plaintiff IMX, Inc. ("IMX") moves, pursuant to Local Rule 7.1(E), of the United States District Court for the Southern District of Florida, for an order to expedite the time within which Defendant E-Loan, Inc. ("E-Loan") must respond to IMX's Motion to Compel Additional Rule 30(b)(6) Testimony ("Motion to Compel")[1] to March 1, 2010, and, if necessary, for a hearing on an expedited basis thereon, after which IMX will have up through and including March 4, 2010 to serve its reply thereto.

Good cause exists for the granting of the relief requested herein.

IMX served Rule 30(b)(6) notices of deposition on E-Loan containing approximately ninety Rule 30(b)(6) topics. E-Loan never objected to the November 24, 2009, deposition notice, which focused on technical issues. Consistent therewith, on December 10, 2009, IMX deposed Steve Barrington, a former employee of E-Loan who E-Loan designated as a Rule 30(b)(6) witness on "all topics" identified in IMX's deposition notices. As set forth more fully in IMX's Motion to Compel, Mr. Barrington repeatedly responded to questions posed by IMX's

---

[1] IMX is filing its Motion to Compel, along with the Declaration of Erik Fuehrer in support thereof under seal simultaneous with the filing of this motion.

Astigarraga Davis Mullins & Grossman, P.A.

counsel by stating that, without further documentation, which was not in IMX's possession, he could not respond completely to such questions. At the conclusion of such deposition, IMX's counsel specifically held open Mr. Barrington's deposition based, in part, on his identification of documents that had not yet been produced by E-Loan at the time of the deposition and his incomplete testimony.

On December 2, 2009, prior to the close of discovery on January 11, 2010, IMX served additional requests for production on E-Loan, as a result of which IMX's counsel traveled to Puerto Rico to inspect the facility at which the allegedly responsive documentation was stored on January 14, 2010, the earliest date that E-Loan's counsel provided to IMX. As a result thereof, approximately 100 gigabytes of relevant information was identified, after which IMX proceeded to diligently review and analyze the documentation. During the course thereof it became evident that, had Mr. Barrington been given access to such documentation, and thus been adequately prepared for his deposition, he would have had adequate knowledge and would have been adequately prepared to respond to all of IMX's questions during his deposition.

Upon completing such review, and conferring with E-Loan's counsel in an attempt to reach an amicable understanding as to a limited further deposition of Mr. Barrington, IMX diligently filed its Motion to Compel on February 22, 2010, and simultaneously hand delivered a copy thereof to E-Loan. Simultaneous therewith, IMX is filing this Motion to expedite the briefing schedule on the Motion to Compel.

Pursuant to S.D. Fla. L.R. 7.1.E, this Court is vested with broad discretion to grant IMX's request for expedited briefing and a hearing. Specifically, Rule 7.1.E provides that the "Court may, upon written motion and good cause shown, waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure." Such good

cause has been shown here.

IMX has acted diligently and expediently in reviewing the documentation, which E-Loan did not make available to IMX until after the discovery deadline and which it failed to show to Mr. Barrington in a timely manner as to allow him to adequately respond to the questions posed at his deposition on December 10, 2009, well within the discovery deadline. Failure to grant IMX the ability to conduct a limited further deposition of Mr. Barrington in light of the foregoing would constitute material prejudice to IMX.

Furthermore, the trial and pre-trial deadlines that are fast approaching, including the filing of all pre-trial motions by March 12, 2010; deposition designations for trial throughout April; calendar call on April 22, 2010; and the two week trial period commencing on April 26, 2010. In light of the foregoing, and that the responses Mr. Barrington might provide may lead to both parties wishing to follow up on those issues with other witnesses, more particularly, their expert witnesses, prior to trial, an expedited briefing schedule and subsequent deposition of Mr. Barrington, as limited by IMX's request in its Motion to Compel, is necessary for the information to be useful to both parties prior to trial.

Conversely, E-Loan will not suffer any prejudice by the imposition of an expedited briefing scheduling and a hearing on the Motion. E-Loan will have a full week to respond to the Motion to Compel, upon which the parties have been conferring about for a number of days.

For the same reasons set forth above, resolution of this motion on an expedited basis, or the holding of a hearing on this motion, is required. A proposed order consistent with the above is attached hereto as Exhibit "A."

CASE NO. 09-20965-CIV-JEM
Magistrate Judge Brown

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with counsel for E-Loan relating to the relief requested herein in a good faith effort to resolve the issues but has been unable to do so.

/s Edward M. Mullins
Edward M. Mullins

## CONCLUSION

For the foregoing reasons, and in the interests of judicial economy and expediency, IMX requests this Court to order E-loan to respond to the Motion to Compel on an expedited basis, by March 1, 2010, and, if necessary, for a hearing on an expedited basis thereon, after which IMX will have up through and including March 4, 2010 to serve its reply thereto.

Respectfully Submitted,

ASTIGARRAGA DAVIS MULLINS
& GROSSMAN, P.A.

701 Brickell Avenue
16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile (305) 372-8202

By: /s Edward M. Mullins
Edward M. Mullins, Fla. Bar No. 863920
Annette C. Escobar
emullins@astidavis.com
aescobar@astidavis.com

Local Counsel for Plaintiff IMX, Inc.

-AND-

M. Elizabeth Day (Bar No. 177125)*
William G. Goldman (Bar No. 203630)*
Marc Belloli (Bar No. 244290)*

4

CASE NO. 09-20965-CIV-JEM
Magistrate Judge Brown

Erik R. Fuehrer (Bar No. 252578)*
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001

Lead Counsel for Plaintiff IMX, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2009, I filed the foregoing document with the Clerk of the Court who will generate Notices of Electronic Filing to all counsel of record or other persons authorized to receive Notice of Electronic Filing generated by CM/ECF, including counsel for Defendants, Samuel A. Lewis, Feldman Gale, 2 South Biscayne Boulevard, 30th Floor, Miami, Florida 33131, upon whom I also hand delivered this Motion and the Motion to Compel.

By: _____/s Edward M. Mullins_____
Edward M. Mullins