UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IMX, INC., d/b/a GLOBAL NETOPTEX, INC., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>E-LOAN, INC. and BANCO POPULAR NORTH AMERICA, INC., <br><br>　　　　Defendants. | CASE NO. 09-20965-CIV-MARTINEZ <br>Magistrate Judge Brown |

**PLAINTIFF IMX, INC.'S EXPEDITED APPEAL OF ORDER DENYING IMX'S MOTION TO COMPEL FURTHER LIMITED DEPOSITION WITHOUT PREJUDICE, OR, IN THE ALTERNATIVE, TO MODIFY THE SCHEDULING ORDER TO EXTEND TIME FOR COMPLETING SAME**

Plaintiff IMX, Inc. ("IMX") respectfully appeals the Honorable Magistrate Judge Brown's February 24, 2010, Order denying IMX's Motion to Compel Additional Rule 30(b)(6) Testimony from E-Loan, Inc. ("E-Loan") without prejudice (D.E.#188), or, in the alternative, moves for a minor modification to the Court's Scheduling Order to re-open discovery for the limited purpose of completing a still-pending deposition of Defendant E-Loan's Rule 30(b)(6) designee and to allow the parties time, if necessary, to serve supplemental expert reports on the issue of infringement and to take limited expert depositions regarding the supplemental reports, if any. The requested deposition will not affect the trial date, currently scheduled for the two-week period starting April 26, 2010. For that reason, IMX requests that this appeal/motion be reviewed on an expedited basis.

I.    **INTRODUCTION**

Pursuant to this Court's Scheduling Order [D.E.#15] the deadline for the parties to complete all discovery, including expert discovery, was December 17, 2009. On December 8,

2009, the Court granted IMX's motion to extend the deadline for completing discovery until January 11, 2010. (D.E.#123.) At the time, the premise for extending the discovery deadline was to complete outstanding lay witness depositions and to permit the completion of compelled document discovery.

As explained herein, IMX has acted diligently in pursuing discovery from E-Loan in this matter and has attempted to resolve discovery disputes informally pursuant to good-faith efforts to meet and confer. Nevertheless, despite IMX's best efforts to complete discovery within the time allotted by the Court, E-Loan recently has produced more than one million pages of information <u>after</u> the discovery cutoff. Indeed, despite IMX's best efforts since at least December 1, 2009, to obtain this information from E-Loan, E-Loan did not even agree to make this information available for inspection in Puerto Rico until January 14, 2010 – ***three days after the close of fact discovery***. As a result of the inspection, E-Loan produced nearly ***100 gigabytes*** (*i.e.*, millions of pages) of documents. The recent productions confirmed IMX's suspicions that E-Loan's 30(b)(6) witness was not prepared adequately to testify on behalf of E-Loan at his deposition.

Despite producing millions of pages of documents after the close of discovery, E-Loan now refuses to permit IMX to continue the still open deposition on topics for which E-Loan's 30(b)(6) witness was not prepared adequately. Not only is E-Loan's position unreasonable, it is in direct contravention of E-Loan's duties to prepare a Rule 30(b)(6) witness. *See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001).

In an attempt to reach an informal agreement and avoid motion practice, IMX's counsel made a proposal to E-Loan's counsel offering to limit the scope of the Rule 30(b)(6) deposition

topics, restricting the universe of documents about which IMX would depose the witness, and offering to limit the deposition to four hours.[1] E-Loan rejected IMX's proposal. IMX also has requested that E-Loan stipulate to the authenticity of the recently produced documents for use at trial.

In light of E-Loan's refusal to compromise, IMX filed a Motion to Compel Additional Rule 30(b)(6) Testimony from E-Loan (D.E.#184). Magistrate Judge Brown denied IMX's motion "without prejudice to be re-filed and revisited in the event the discovery deadline is extended sufficiently to allow re-visitation of the same."[2] (D.E.#188.)

With due respect to Magistrate Brown, IMX contends that, because the Rule 30(b)(6) deposition occurred during the discovery period, and because IMX's delay in bringing the motion was due to E-Loan's own delay in production, Magistrate Brown had the authority to allow the deposition and thus IMX hereby appeals Judge Brown's Order. In case this Court takes a separate view, and to save time, IMX moves this Court, in the alternative, for a brief extension of the schedule to permit the conclusion of only this one Rule 30(b)(6) deposition and supplementation of expert discovery (reports and depositions), if necessary, based on

---

[1] IMX also offered to provide a limited universe of documents about which it intends to depose E-Loan's Rule 30(b)(6) witness so that E-Loan could adequately prepare the witness. In response, E-Loan has threatened that even if the Court compels E-Loan to produce further Rule 30(b)(6) testimony, it will *intentionally* produce a witness with no knowledge of the relevant documents in this case. (Declaration of Erik Fuehrer in Support of IMX's Expedited Appeal of Order Denying IMX's Motion to Compel ("Fuehrer Decl."), Ex. A at 1.)

[2] E-Loan itself has three discovery motions seeking additional deposition testimony pending before Magistrate Judge Brown that, while filed before the discovery cut-off, all seek discovery past the deadline. Based upon Magistrate Judge Brown's reasoning in denying IMX's motion, all of E-Loans motions should be denied summarily as well. IMX believes each of those can and should be denied on the merits, and it notes here that it contends that a magistrate judge has the authority to order compelled discovery in continuation of discovery conducted during the discovery period. If this Court disagrees, however, all of E-Loan's motions also should be

3

information learned during this deposition. Given the relevance of the recently produced information, and E-Loan's failure to provide this information in a timely fashion during fact discovery and to prepare its 30(b)(6) witness for deposition, IMX seeks additional time to depose E-Loan's corporate witness regarding this information. Although trial is approaching, this limited discovery to complete a deposition of E-Loan's corporate witness, to supplement technical expert reports if necessary, and to conduct limited expert depositions on the supplemental reports, if any, will not alter the April 22, 2010, calendar call or the trial date set under the Court's current procedural schedule. (D.E.#15)

IMX therefore respectfully requests that this Court overturn Magistrate Judge Brown's Order and compel E-Loan to produce its 30(b)(6) witness. In the alternative, IMX requests this Court to grant it leave to complete this discovery based on E-Loan's belated production of millions of pages of documents which constitutes newly discovered evidence of E-Loan's failure to prepare its Rule 30(b)(6) witness. To ensure this limited discovery occurs expeditiously and does not impair the calendar call or trial date, IMX also requests the following additional relief from the Court:

- E-Loan produce an adequately prepared Rule 30(b)(6) witness for deposition no later than **March 19, 2010**;

- IMX will supplement the expert report of Dr. Martin Kaliski based on E-Loan's recent document production and Rule 30(b)(6) testimony no later than **March 24, 2010**;

denied.

4

- E-Loan will supplement the expert report of Dr. Michael Shamos based on E-Loan's recent document production, Rule 30(b)(6) testimony and IMX's supplemental expert reports no later than **March 31, 2010**; and

- IMX and E-Loan will have until **April 7, 2010**, to produce their experts for further deposition regarding any <u>new</u> opinions expressed in those supplemental expert reports.

## II.  ARGUMENT

### A.  THE MAGISTRATE JUDGE'S ORDER DENYING IMX'S NARROW MOTION TO COMPEL SHOULD BE OVERTURNED

The significance of E-Loan's recently produced materials should not be lost on the Court. Indeed, for months, E-Loan had represented to Magistrate Judge Brown and IMX that certain categories of documents IMX was requesting – namely, the database schema(s) and definitions for its Empower database of loan applications – did not even *exist*. (D.E.#72 at 3-4, 6-7.) Yet, had E-Loan conducted a reasonable and diligent search of documents in its possession, it would have known early on in this matter that these documents <u>did</u> exist, as such information was provided in the materials produced from the inspection. In fact, the most recent electronic versions of this and some other similar documents were last modified only ***one month*** before IMX filed this litigation against E-Loan. This falsity alone illustrates that E-Loan failed to prepare its Rule 30(b)(6) witness to testify on several topics in light of information that was readily available to it  This is but one of many examples of E-Loan's failure to adequately prepare its Rule 30(b)(6) witness. This is not simply an issue of failing to produce responsive documents or documents timely. E-Loan was required to prepare its Rule 30(b)(6) witness using

5

readily available documents if necessary even if IMX had failed to request one single document, and even if E-Loan chose – for whatever reason – not to produce such documents.

Although E-Loan's witness was able to testify generally regarding a number of topics, even he acknowledged that he would have been able to testify more completely with reference to the very same documents that E-Loan only recently produced but never showed him. Until E-Loan finally produced these foundational documents, IMX could not have known just how relevant they were to the subject matter of Mr. Barrington's incomplete testimony. Now that these documents have come to light, and due to E-Loan's failure to adequately prepare its witness, IMX requests that E-Loan be compelled to satisfy its obligation to produce a Rule 30(b)(6) witness with sufficient knowledge regarding the full scope of IMX's deposition topics. Accordingly, IMX respectfully requests that the Court overturn Magistrate Judge Brown's order and grant IMX's motion to compel further deposition testimony, or simply extend the discovery period to allow the deposition to occur. As set forth above, such a deposition should take only four hours.

### 1. E-LOAN FAILED TO PROPERLY PREPARE ITS 30(B)(6) WITNESS FOR DEPOSITION ON DOCUMENTS IN ITS CONTROL

Corporations not only have a duty to produce a knowledgeable witness, they also have an obligation to ensure that the designee **reads all documentation** in the corporation's "control" that may have a bearing on the Rule 30(b)(6) topics. *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001) (emphasis added) (Rule 30(b)(6) witness was obligated to, review all corporate documentation that might have had a bearing on the 30(b)(6) deposition topics, including all documents in the corporation's "control" whether or not those

6

documents are in the corporation's possession); *Bank of N.Y. v. Meridien BIAO Bank Tanzania, Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (deponent must be prepared "to the extent matters are reasonably available, whether from documents, past employees, or other sources.").

Although documents in cases may be voluminous at times, the burden to prepare a Rule 30(b)(6) witness adequately exists to ensure that the position of the corporation may be explored adequately by the opposing party. *See Calzaturficio S.C.A.R.P.A. s.p.a.*, 201 F.R.D. at 37-38. Thus, "[e]ven if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Id.*; *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.) ("[T]he corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers."), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996).

E-Loan designated Mr. Barrington as its Rule 30(b)(6) witness regarding all technical deposition topics propounded by IMX. (Fuehrer Decl., Ex. B.) However, since Mr. Barrington's deposition and in light of E-Loan's recent document production, it has became apparent that he was insufficiently prepared to testify fully and completely regarding the a number of IMX's 30(b)(6) deposition topics.

Mr. Barrington's testimony provides significant evidence that E-Loan did not take reasonable steps to prepare its Rule 30(b)(6) witness adequately, despite having all these foundational documents within its possession, custody and control. *See Calzaturficio S.C.A.R.P.A. s.p.a.*, 201 F.R.D. at 37-38; *Bank of New York,* 171 F.R.D. at 151. It also has become clear that, in light of its recent production, E-Loan made ***no efforts*** to identify or locate documents that Mr. Barrington testified existed in E-Loan's Puerto Rico server. *See, e.g.,*

7

*Raytheon Aircraft Co. v. U.S.*, 2007 WL 2668725, at *5 (D. Kan. Sept. 6, 2007) (describing necessary efforts required for Rule 30(b)(6) witness to educate herself, including a review of relevant documents). Likewise, E-Loan made *no effort* to educate Mr. Barrington on the underlying subject matter of these documents, which it was obligated to do. Now that these, and other, highly relevant documents have surfaced finally, this Court should overturn Magistrate Judge Brown's Order and grant IMX's motion to compel E-Loan to produce an adequately prepared corporate witness to testify fully and completely as to certain Rule 30(b)(6) topics, including with regard to the subject matter of the documents recently produced.

### B. IN THE ALTERNATIVE, THE COURT SHOULD BRIEFLY EXTEND THE DISCOVERY CUTOFF TO PERMIT IMX TO DEPOSE E-LOAN'S CORPORATE WITNESS ON INFORMATION NOT PROVIDED BY E-LOAN DURING DISCOVERY

This Court's Scheduling Order [DE#15] provides that the timetables governing the pretrial procedures in this case shall not be modified absent "compelling circumstances." Despite IMX's best efforts to complete written discovery and depositions in this matter in the time allotted, several events and recent motion practice have created a need for a short extension of time to complete limited discovery. This is the procedure in fact suggested by Magistrate Brown. However, to save time and resources, IMX believes it more efficient for this Court simply to order the deposition be had for the reasons set forth in Point I *supra*.

Yet, other compelling circumstances support IMX's request for a slight modification to the schedule that raises issues that IMX has had with E-Loan's production since the beginning:

1. This Court denied E-Loan's motion to stay discovery twice on July 9, 2009 (D.E.#21) and July 14, 2009 (D.E.#25) and ordered E-Loan to respond (DE#25).

2. Once E-Loan did so, it raised defenses on the language of the requests on the

8

issue of whether E-Loan currently was engaging in the activity sought to be compelled. (DE#72 at 6-8.)

3. IMX and E-Loan met and conferred over issues regarding the confidentiality order and the language of the requests and E-Loan even began to produce documents, albeit not documents from its storage facility. (Fuehrer Decl., ¶¶4-5, Ex. C.) E-Loan then did an about-face and stated that it was refusing to turn over any documents based upon the language of the requests. (D.E.#56 at 4.)

4. IMX moved to compel and pointed out that this alleged "time" issue was not even a legitimate argument on some of the requests. (D.E.#56 at 9-12.)

5. On November 30, 2009, Magistrate Brown held a hearing on the motion to compel and, while concerned about the timeliness of the motion, ruled orally that these documents should be produced (D.E.#107.)

6. On December 1, 2009, Magistrate Brown then denied the motion to compel nonetheless, agreeing that the requests were limited to present activity and raising a new issue as to whether the motion to compel had been properly drafted (IMX had combined certain requests together in an attempt to make it easier for the Court to address the issues). (D.E.#108.)

7. To conserve the resources of the Court to hear an unnecessary appeal, IMX then filed a motion with this Court to extend the discovery cut-off to allow it to send revised requests. It simultaneously moved to expedite a response to the revised requests in case this Court did not allow the extension. (DE#116.) On December 2, 2009, IMX served a Revised First Set of Requests for Production on E-Loan containing a revised and limited set of technical document requests. (Fuehrer Decl., Ex. D.)

8.     On December 8, 2009, this Court granted the extension. (DE#123.) On the next day, Magistrate Brown held a hearing on the motion to expedite a response to the requests, at which E-Loan agreed to an expedited response. At the hearing, the Magistrate recognized that some of the original requests did not suffer the time deficiency and clearly covered past conduct. (DE#124 & 125.)

9.     All during this time, E-Loan not only apparently did not prepare its Rule 30(b)(6) witness, but it even had not reviewed the warehouse facility at all to see what was available and relevant to the case.

10.    On December 1, 2009, well before the discovery cutoff, IMX requested E-Loan either produce the information from its storage facility in Puerto Rico or make the information available for inspection by IMX. (Fuehrer Decl., Ex. E.)

11.    On December 24, 2009, E-Loan served its Responses and Objections to IMX's Revised First Set of Requests for Production. (Fuehrer Decl., Ex. F.) In E-Loan's response, it indicated that such documents were stored on its server in Puerto Rico and that E-Loan would make the information available for inspection in Puerto Rico. (Fuehrer Decl., Ex. F.)

12.    After numerous requests for access to the information prior to the discovery cutoff, as well as requests that E-Loan make its 30(b)(6) witness available to be deposed on the identified information, E-Loan finally allowed IMX to inspect the Puerto Rico facility on January 14, 2010, – *three days after the discovery cutoff*. (Fuehrer Decl., ¶9.)

13.    IMX sent two attorneys to inspect E-Loan's storage facility. (Fuehrer Decl., ¶9.) Approximately *100 gigabytes* (i.e., more than one million pages) of relevant information was identified at the inspection, including various types of technical documents, electronic mail

communications and source code. (Fuehrer Decl., ¶¶10-12, Exs. G, H & I.) None of this information had been produced by E-Loan during discovery, and IMX never was afforded an opportunity to depose E-Loan's corporate witness on this information.

14.   On January 22nd, January 26th and February 1, 2010, respectively, E-Loan made three productions of the information identified by IMX's counsel for production during the January 14 inspection and reviewed for privilege by E-Loan's counsel. (Fuehrer Decl., ¶¶10-13, Exs. G, H & I.) IMX immediately began reviewing the information upon receipt, which it completed within two weeks of receiving the last production. (*Id.*)

15.   IMX repeated its original request to continue the still-pending deposition of E-Loan's corporate witness due to his lack of preparation and based on this late-produced information. On February 9, 2010, IMX's counsel again contacted E-Loan's counsel to schedule additional Rule 30(b)(6) testimony regarding the information produced by E-Loan after the close of discovery. (Fuehrer Decl., Ex. A at 7.) To narrow the discovery and avoid any unnecessary burden on E-Loan, on February 12, 2010, IMX proposed a limited set of topics for which IMX seeks further Rule 30(b)(6) testimony. (Fuehrer Decl., Ex. A at 4-5.) On February 19, 2010, IMX further offered to limit the scope of the deposition topics, restricted the universe of documents about which IMX would depose the witness, and offered to limit the deposition to four hours. (Fuehrer Decl., Ex. A at 2-3.) E-Loan's counsel rejected IMX's proposal, leaving IMX with no choice but to file a motion to compel. (Fuehrer Decl., Ex. A at 1-2.)

16. IMX timely filed a motion to compel the requested testimony before Magistrate Judge Brown. Magistrate Judge Brown denied IMX's motion without prejudice due to the close of discovery. (D.E.#188.) IMX thereafter timely appealed Magistrate Brown's Order to this Court.

The gating factor to completing discovery in this case has been E-Loan. Despite requesting inspection of E-Loan's Puerto Rico document storage facility at least as early as December 1, 2010, E-Loan waited until after December 24, 2009, to offer a January 14, 2010, date for inspection. At the time IMX agreed to the inspection, it could not have possibly known whether the review would actually uncover relevant documents not produced by E-Loan during discovery (let alone 100 gigabytes of information), especially since E-Loan's counsel continuously represented that no such documents existed. Yet, the belated production confirmed what IMX suspected all along – such documents did exist and E-Loan never searched for them during discovery. E-Loan also failed to prepare adequately its witness on this information, thereby warranting further 30(b)(6) deposition discovery.

Based on these discovery abuses, IMX seeks to complete a limited outstanding deposition from one witness on a small subset of the millions of pages of information and to authenticate these documents for use at trial. Accordingly, to the extent that the Court is not inclined to overturn Magistrate Judge Brown's Order denying the motion to compel without prejudice, IMX is seeking to modify the Scheduling Order to re-open discovery for the limited purpose of completing the outstanding 30(b)(6) deposition of E-Loan and supplementing expert discovery, if necessary, on any information learned from the course of the deposition.

### III. CONCLUSION

For the foregoing reasons, IMX respectfully requests that the Court overturn Magistrate Judge Brown's Order denying without prejudice IMX's motion to compel. In the alternative, IMX seeks to modify the Scheduling Order and re-open discovery for the limited purpose of completing the 30(b)(6) deposition of E-Loan, supplementing technical expert reports based on this information, and further deposing technical experts regarding any new opinions to the extent necessary.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

/s/ Erik Fuehrer
―――――――――――
Erik Fuehrer

ASTIGARRAGA DAVIS MULLINS
& GROSSMAN, P.A.
701 Brickell Avenue
16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile (305) 372-8202

By: /s/ Edward M. Mullins
―――――――――――
Edward M. Mullins
Fla. Bar Nos. 863920
emullins@astidavis.com

Local Counsel for Plaintiff IMX, Inc.

13

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

-AND-

M. Elizabeth Day (Bar No. 177125)*
William G. Goldman (Bar No. 203630)*
Marc Belloli (Bar No. 244290)*
Erik R. Fuehrer (Bar No. 252578)*
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001

Lead Counsel for Plaintiff IMX, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2010, I filed the foregoing document with the Clerk of the Court who will generate Notices of Electronic Filing to all counsel of record or other persons authorized to receive Notice of Electronic Filing generated by CM/ECF, including counsel for Defendants, Samuel A. Lewis, Feldman Gale, 2 South Biscayne Boulevard, 30th Floor, Miami, Florida 33131.

/s Edward M. Mullins
_____
Edward M. Mullins

14

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.