09-20965.ob

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case Number: 09-20965-CIV-MARTINEZ/BROWN

IMX, INC., d/b/a GLOBAL NETOPTEX,
INC.,

    Plaintiff,

vs.

E-LOAN, INC. and BANCO POPULAR
NORTH AMERICA, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION TO OVERRULE OBJECTIONS AND DENYING PLAINTIFF'S REQUEST FOR EXPENSES

**This matter** is before this Court on E-Loan's Motion to Overrule Objections...(D.E. 135), filed January 8, 2010. The Court has considered the motion, the response, the reply, and all pertinent materials in the file. On March 30, 2010, a hearing was held and argument of counsel considered.

Defendant claims that Mihalyi was not represented by an attorney during his deposition nor during the execution of the assignment. The problem with defendant's position is it is based on speculation, cleverly asked questions that miss the mark, and innuendo. Plaintiff's position is supported by uncontroverted evidence.

Interestingly, despite the known skills of the attorney taking the deposition of Mr. Mihalyi, questions regarding Mihalyi's representation during the deposition and the execution of the assignment were never asked. Instead he was asked questions about whether he had a personal

1

attorney, whether he had an attorney to prepare his will, and things of that nature - questions obviously designed to allow argument that he was not represented by counsel, while never asking the pertinent questions that would have conclusively answered the real questions as noted, supra.

Those questions are answered in a filed sworn declaration of the deponent. There is no evidence to controvert same. Though counsel at the hearing admirably argued (as was done in the reply) why this Court should reject that declaration (made under penalty of perjury), there simply is nothing concrete to support same.

Defendant argues that since Mihalyi left the employ of plaintiff earlier he could not still be an employee. Perhaps true, in the technical sense, although no law is cited to support same. That does not necessarily mean that he can't engage in a privileged act years later. If Lee Ioccaca were contacted and asked to give a deposition about his former employer (Chrysler) related to activities that went on while he was there, and counsel for Chrysler represented him at same, one could not seriously question the veracity of that representation.

While this Court does not reach a decision as to Mihalyi's authority to execute the assignment, it is clear that he was represented by counsel at both the deposition and the execution of the assignment.

Furthermore, Plaintiff requests expenses on the basis that E-Loan refused to withdraw the motion and brought the motion in the incorrect forum. This request is denied, again rejecting Plaintiff's jurisdictional argument, which was first addressed in the Notice of Hearing filed March 9th, 2010.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of April, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Jose E. Martinez
      Counsel of record