UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IMX, INC., d/b/a GLOBAL NETOPTEX, INC.,

               Plaintiff,

    vs.

E-LOAN, INC. and BANCO POPULAR NORTH AMERICA, INC.,

               Defendants.

CASE NO.  09-20965-CIV-JEM

---

## IMX, INC.'S OPPOSITION TO E-LOAN'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORTS

---

DLA PIPER LLP (US)
M. Elizabeth Day (Bar No. 188125)*
William G. Goldman (Bar No. 203630)*
Mark Belloli (Bar No. 244290)*
Erik R. Fuehrer (Bar No. 252578)*
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833-2000
Fascimile: (650) 833-2001


Lead Counsel for Plaintiff IMX, Inc.


*Admitted ProVice

ASTIGARRAGA DAVIS MULLINS
   & GROSSMAN, P.A.
Edward M. Mullins
Annette C. Escobar
Fla. Bar No.s 864930 & 369380
emullins@astidavis.com
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202


Local Counsel for Plaintiff IMX, Inc.

## I.   INTRODUCTION

The present Motion (E-Loan's *third* during the continuance it obtained due to the health of lead counsel (D.E. #296)) fails both procedurally and on the merits.  It should be denied summarily for violating the local rules including being late.

Substantively, as set forth below, IMX served timely infringement and damages expert reports on November 13, 2009.  In addition to containing a complete statement of the opinions that each of IMX's experts intends to offer at trial, the reports also contained a section regarding the data and information considered by the witness in forming his respective opinion as required by Federal Rule of Civil Procedure 26(a)(2)(b)(ii).  After IMX served these reports, E-Loan produced a significant volume of documents that necessitated further review by IMX's experts and required each expert to update the materials considered section of each report.  IMX never served "supplemental" reports that offered new opinions or alters any of the opinions disclosed on November 13, 2009, in response to E-Loan's productions.  As the record confirms, the documents and information cited in the "supplemental" materials considered section of each of the reports could not have been included at the time the initial reports were served because *E-Loan had yet to provide the information in discovery.*

As IMX has properly supplemented this "materials considered" section of each report pursuant to Rules 26(a)(2)(D) and 26(e), E-Loan's motion must be denied.

### A.   E-Loan's Motion Is Procedurally Defective

E-Loan's Motion is procedurally defective for a number of reasons.  First, it was filed on July 15, 2010, more than three months after the April 9, 2010, deadline for filing "all pretrial motions and memoranda of law."  *See* D.E. #15 as modified by D.E. #219.  Second, E-Loan has not sought leave to file the present Motion, nor has it sought a modification of the scheduling

order with this Court's consent.  Fed. R. Civ. P. 16(a)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  As such, this Motion should be denied as a matter of course.

The Motion also contains a number of other procedural defects that warrant that it be denied summarily.  E-Loan seeks to strike three supplemental expert disclosures, yet E-Loan neglected to file or otherwise attach the disclosures it seeks to strike in an apparent attempt to deny the Court the ability to evaluate the substance of the supplemental disclosures under the Federal Rules.  Local Rule 26.1(c).[1]  Providing the supplemental disclosures would not have been an arduous task as the supplemental expert disclosures at issue consistent of four pages (which when formatted together consist of a little over one page of actual text) and do nothing more than identify additional materials considered by each expert.  A quick read of the supplemental disclosures easily confirms that no new opinions were provided and no previous opinions were altered after the November 2009 deadline for IMX's expert reports on infringement and damages.

Likewise, E-Loan did not even attempt to meet and confer, much less file, the motion to strike within thirty days of service of the three supplemental expert disclosures, which were served on January 29, March 4, and March 9, 2010, respectively.[2]  Local Rule 26.1(h); (Declaration of Erik Fuehrer in Support of IMX's Opposition to E-Loan's Motion to Strike ("Fuehrer Decl."), Exhs. A, B and C.)  Finally, while E-Loan asserts that the three supplemental

---

[1] "If relief is sought under any of the Federal Rules of Civil Procedure, copies of the discovery matters in dispute shall be filed with the Court contemporaneously with any motion field under these Local Rules by the party seeking to invoke the Court's relief." *Id.*

[2] "All motion related to discovery . . . shall be filed within thirty (30) days of the occurrence of the grounds for the motion.  Failure to file a discovery motion  within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." *Id.*

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

expert disclosures should be stricken because E-Loan did not have the opportunity to depose the experts on their supplemental disclosures, E-Loan never noticed any of the depositions it claims it was denied.  Fed. R. Civ. P. 30(b); Local Rule 26.1(j).  Accordingly, there is no reason to consider the merits of the present Motion, particularly when trial would have concluded months before this Motion was even filed but for the health continuance. (D.E. #296.)

### B.    The Motion Also Fails on the Merits

E-Loan's Motion also fails on the merits because the three supplemental expert disclosures it seeks to exclude were proper updates under Rules 26(a)(2)(D) and 26(e).  Indeed, these supplemental disclosures (collectively comprising a little over one page of text) do not disclose any new opinion or alter any prior opinion.  Rather, these disclosures merely update the respective expert's list of materials considered section and, in some cases, state that the newly considered materials are consistent with the expert's prior opinions – something that IMX and its experts were obligated to do under the Federal Rules. (Fuehrer Decl., Exhs. A, B and C.)

All of the supplemental materials considered are either E-Loan documents that were produced after the deadline for expert disclosures, or, in the case of one of the supplemental disclosures, transcripts of depositions taken after the deadline for expert disclosures. (*Id.*)

E-Loan conceded the propriety of the disclosures with its belated request to continue the depositions of IMX's experts on their updated lists of materials considered.  E-Loan also implicitly conceded the propriety of the supplemental expert disclosures because E-Loan fails to articulate in its Motion *why* the supplemental disclosures were not warranted under Rule 26(e) – a rule that specifically contemplates supplementation based upon "information [that] has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P.

3

26(e)(1)(A).  E-Loan neglects to mention that it was the party responsible for producing relevant documents *after* IMX's experts had served their opening reports.

The second premise of E-Loan's motion (that it was denied continued depositions of IMX's experts) also is misguided.  While IMX was (and is) of the belief that continued depositions are not necessary when an expert supplements the materials considered section by identifying recently produced documents from the opposing party, on April 8, 2010, IMX offered to produce its experts for three hours of continued depositions on the E-Loan materials that were the subject of the supplemental disclosures.  (Fuehrer Decl., Exh. D.)  E-Loan never accepted IMX's offer.  Indeed, E-Loan never responded to this offer with a counter-proposal or otherwise.  (Fuehrer Decl., ¶6.)  IMX assumed that E-Loan was not interested.

Two and a half months later on June 28, 2010, E-Loan requested the continued depositions of IMX's experts without any restrictions on time or scope.  (Fuehrer Decl., Exh. E.)  As E-Loan never raised this issue: (1) in a timely motion, or (2) as an outstanding issue when the health continuance was granted, IMX properly declined E-Loan's extremely belated request to again depose IMX's experts on their updated lists of materials considered.

As this is the third motion E-Loan has filed during the health continuance, it again raises the question of whether IMX and this Court were misled by E-Loan as to why an *emergency* continuance of the trial was necessary.  (D.E. #296.)  Trial was not continued so that E-Loan can seek belated depositions that it should have taken months ago, assuming a further deposition on materials considered (as opposed to new or altered opinions) is even proper.  E-loan's lack of diligence in making its more recent request for depositions and in filing the present Motion justify denying this Motion.

### III.   FACTS CONCERNING IMX'S SUPPLEMENTAL EXPERT DISCLOSURES AND MEET AND CONFER

Without filing or attaching the supplemental disclosures it seeks to strike, E-Loan references three supplemental expert disclosures in its Motion.[3]

The first disclosure at issue in E-Loan's Motion is an Addendum to the list of materials considered by IMX's expert on damages, Robert Wallace, which was served on January 29, 2010. Below is the *entire text* of the Addendum to Mr. Wallace's materials considered section of his report:

Addendum to Appendix C to November 13, 2009 Report of Robert Wallace
Information Received After Issuance of November 13, 2009 Report

Deposition of Greg Austin – December 7, 2009
Deposition of Steve Barrington – December 10, 2009
Deposition of Donovan Makund – December 3, 2009
Deposition of Michelle Buschman – November 19, 2009
Deposition of Isabelle Hong – November 19, 2009
Deposition of Scott McKinlay – December 11, 2009

Expert Witness Report of Nicholas D'Ambrosio, Jr. – December 11, 2009

Eloan 48457-98211
Eloan 98213-101328

(Fuehrer Decl., Exh. A.)  It is undisputed that these materials did not alter or "supplement" the substance of Mr. Wallace's opinions that were set forth in his forty-two page report that was served on November 13, 2009.  Indeed, nothing in this nine line document expresses any

---

[3]  While E-Loan broadly requests that all supplemental disclosures be stricken, it only refers to three supplemental disclosures in the Motion.  There is a fourth supplemental disclosure that E-Loan does not refer to – the Supplemental Expert Report on Infringement of United States Patent No. 5,995,947, which was served on December 24, 2009, and predates the three supplemental disclosures referred to in the Motion. (Fuehrer Decl., Exh. F.)  As E-Loan does not mention this report, it is not properly part of the present Motion.  Moreover, E-Loan cannot contest the propriety of this supplemental disclosure when it was served before the expert was ever deposed and E-Loan's own expert issued a supplemental report on January 25, 2010, that directly responds to the December 24, 2009, supplemental disclosure. (Fuehrer Decl., Exh. G.)  That E-Loan served a supplemental report responding to a timely supplemental disclosure by IMX's expert cuts against the credibility of E-Loan's assertion that the supplemental disclosures at issue in the Motion – which do nothing more than update materials considered – were improper.

opinion.  The documents that Mr. Wallace reviewed that are bates labeled E-Loan 48457-98211 and 98213-101328 were produced by E-Loan on December 17, 2009, and January 8, 2010, in response to an order by Magistrate Judge Brown granting IMX's motion to compel certain damages related documents.  (D.E. #105.)

The second disclosure at issue in E-Loan's Motion is the Second Supplemental Expert Report on Infringement of U.S. Patent No. 5,995,947, of Dr. Martin Kaliski, which was served on March 4, 2010.  (Fuehrer Decl., Exh. B.)  Below is the *entire text* of Dr. Kaliski's Second Supplemental Report:

> **Second Supplemental Expert Report on Infringement of U.S. Patent No. 5,995,947**
>
> I understand that E-Loan has recently produced an extensive volume of native form technical documents resulting from an inspection of its archived servers that occurred in Puerto Rico on or about January 14, 2010.  It is my understanding that the documents were produced by E-Loan, and I was provided with a subset of these native form documents on a hard disk drive on February 25, 2010.  I understand that a copy of the documents I was provided are being provided contemporaneously to counsel for E-Loan in connection with this second supplemental report on a DVD labeled IMX-E-PR-1.
>
> I have reviewed and considered these documents and they are consistent with my prior opinion that E-Loan infringes the '947 patent, both literally and under the Doctrine of Equivalents.  I understand that a continued deposition of E-Loan's 30(b)(6) witness regarding these documents may subsequently occur and I reserve the right to supplement my opinion accordingly after considering that testimony.  I intend to rely on these documents in connection with my trial testimony, should trial be necessary in this case.
>
> Executed on this __ day of March, 2010
>
> _____
>
> **REFERENCES CONSIDERED**
>
> All documents provided on IMX-E-PR-1

(*Id.*.)  The materials reviewed by Dr. Kaliski are a subset of millions of electronic documents from a series of productions made by E-Loan on January 22, January 26 and February 1, 2010, following a January 14, 2010, inspection of E-Loan's repository of electronic documents which E-Loan refused to search for in the preceding months while fact discovery was open.  (Fuehrer Decl., Exh. H.)  E-Loan knows exactly which documents were considered by Dr. Kaliski because

6

IMX bates numbered and produced the aforementioned native documents back to E-Loan for its reference and as a courtesy.  (Fuehrer Decl., Exh. B.)

The third disclosure is the First Supplemental Expert Report of Warren Myer, which was served on March 9, 2010.  Below is the ***entire text*** of Mr. Myer's First Supplemental Report:

### First Supplemental Expert Report of Warren Myer

I understand that E-Loan has recently produced an extensive volume of native form technical documents resulting from an inspection of its archived servers that occurred in Puerto Rico on or about January 14, 2010. It is my understanding that the documents were produced by E-Loan, and I was provided with a subset of these native form documents on a disc on February 25, 2010. I understand that a copy of the documents I was provided are being provided contemporaneously to counsel for E-Loan in connection with this supplemental report on a DVD labeled IMX-E-PR-2.

I have reviewed and considered these documents and they are consistent with my prior opinion that E-Loan's online form would be considered for all practical purposes a loan application for those in the mortgage industry and to consumers applying for a mortgage. I understand that a continued deposition of E-Loan's Rule 30(b)(6) witness regarding these documents may subsequently occur and I reserve the right to supplement my opinion accordingly after considering that testimony. I intend to rely on these documents in connection with my trial testimony, should trial be necessary in this case.

Executed on this 9th day of March, 2010

(Fuehrer Decl., Exh. C.)  The materials reviewed by Mr. Myer also are a subset of the millions of electronic documents from E-Loan's January and February 2010 productions, and E-Loan knows exactly which documents these are because they also were produced back to E-Loan.  (Fuehrer Decl., Exh. C.)

A month later, in April 2010, E-Loan requested to continue the depositions of IMX's experts.  (Fuehrer Decl., Exh. D.)  While IMX stated that the depositions were not warranted because the experts merely supplemented the materials considered section of each respective report (which almost exclusively comprise E-Loan produced documents), IMX nonetheless offered to make its experts available for deposition.  (*Id.*)  Specifically, on April 8, 2010, IMX offered to make its experts available for three hours, provided the depositions were limited to the materials the experts recently considered.  (*Id.*)  E-Loan did not even respond to, let alone accept,

this proposal. (Fuehrer Decl., ¶6.) E-Loan did not raise the issue of expert depositions again until June 23, 2010, and waited until July 15, 2010, to file the present motion. (Fuehrer Decl., Exh. E.)

## IV.   ARGUMENT

### A.   The Present Motion Is Procedurally Defective (On Numerous Grounds) And Should Be Denied As A Matter Of Course

The present Motion is procedurally improper. E-Loan is fully aware that the deadline for filing motions has passed and that any new motion must be accompanied with a request for leave or a request to modify the scheduling order. *See* D.E. #15 as modified by D.E. #219; Fed. R. Civ. P. 16(a)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Indeed, E-Loan sought leave to file the two other untimely motions E-Loan has filed during the health continuance (the motion to amend its witness list and the motion for summary judgment). (*See* E-Loan's Motion for Leave to Amend Witness List, filed under seal on May 21, 2010; E-Loan's Motion for Leave to File Its Motion for Partial Summary Judgment on the Affirmative Defense of Laches, filed under seal on June 7, 2010.) Here, in contrast, E-Loan filed this Motion without such a request and makes *no* effort to demonstrate good cause for the Motion. (D.E. #353.) This is because no good cause exists.

The timeline of relevant events demonstrates that E-Loan has no basis for the relief it seeks at this juncture of the litigation. E-Loan tries to sidestep the numerous procedural defects and bridge the gap between the time the three supplemental expert disclosures were served (the last of which was served on March 9, 2010) and the date this Motion was filed (July 15, 2010), by asserting that there was an "agreement" under which IMX would produce its experts for continued deposition. (E-Loan Motion at 5-6.) This is nonsense. Tellingly, E-Loan does not attach any purported agreement to its Motion because no such agreement exists.

E-Loan first requested continued depositions a month after the last supplemental disclosure was served. (Fuehrer Decl., Exh. D.)  After a brief exchange of meet and confer emails, IMX offered, as a compromise, to produce its experts for three hours of deposition each and only on the subject of the supplemented lists of materials considered. (*Id.*)  E-Loan *never* responded to this offer (via email or otherwise) and abandoned the topic for two and a half months while numerous pretrial deadlines passed. (Fuehrer Decl., ¶6.)  When E-Loan finally resurfaced (in the middle of the health continuance) and again requested the depositions on June 23, 2010, it did not ascent to IMX's April 8, 2010 proposal. (Fuehrer Decl., Exh. E.)  Even now, E-Loan has not given *any* indication that it would accept the proposal IMX made regarding continued depositions back on April 8, 2010, when E-Loan mysteriously broke off the meet and confer discussions.  That E-Loan's Motion continually asserts that it was following up on an "agreement" to which it never responded is duplicitous and directly contradicts its assertion that there was ever an "agreement."  The fact of the matter is that E-Loan abandoned the meet and confer discussions months ago and now raises the issue again as the parties begin to prepare for trial.  The time for E-Loan to seek depositions on timely served supplemental disclosures, which do nothing more than indicate additional materials considered (produced by E-Loan **after** the initial reports were served) has long since passed.

In light of E-Loan's total failure to show any diligence in obtaining the discovery it now seeks, or moving for the relief it now seeks, there is no reason to entertain E-Loan's Motion, particularly in light of the numerous other procedural defects from which the Motion suffers. *See* Local Rule 26.1(c) (E-Loan did not provide the Court the discovery materials that it seeks to strike); Local Rule 26.1(h) (E-Loan did not meet and confer or move within thirty days of service of the supplemental expert disclosures at issues); Fed. R. Civ. P. 30(b) and Local Rule

26.1(j) (E-Loan never noticed the depositions it contends it was entitled to and were purportedly denied).

**B.     The Present Motion Also Fails On The Merits Because IMX's Experts Properly Supplemented Their Lists Of Materials Considered**

E-Loan did not attach the supplemental expert disclosures it seeks to strike to the present Motion, likely because E-Loan has no substantive basis for the relief it seeks.   IMX's experts properly supplemented their lists of materials considered as the materials became available to them after having timely disclosed their complete expert opinions pursuant to the Scheduling Order.[4]

The Federal Rules expressly require IMX to make its expert disclosures "at the times and in the sequence that the [C]ourt orders" and IMX did so.   Fed. R. Civ. P. 26(a)(2)(C).   E-Loan does not dispute this.   Rather, the *only* thing that E-Loan disputes is whether IMX's experts were allowed to review additional discovery materials as they became available and add these materials to their lists of materials considered.   (E-Loan Motion at 5-7.)   It is undisputed that not only were IMX's experts allowed to provide supplemental lists of materials considered, but they were in fact required to do so under the Federal Rules.   Fed. R. Civ. P. 26(a)(2)(D).

Federal Rule of Civil Procedure 26(e) provides that a party making Rule 26(a) disclosures:

---

[4] E-Loan suggests at page 11 of its Motion that it may require an extension of the Court's discovery deadline for the specific purpose of rebutting the untimely supplemental reports.  This suggestion is misplaced for several reasons. First, all pretrial deadlines have long since passed. Second, there is nothing in any of the supplemental disclosures at issue in this motion to rebut because no new or altered opinions were proffered in these disclosures.  IMX is hard pressed to understand what E-Loan could possibly expect to rebut in connection with its own business records.  Finally, if E-Loan really thought it needed to respond to the expert reports it would have done so long ago.

> . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ..

This Rule also specifically applies to expert witness disclosures – both in terms of the "information included in the [expert's] report and to the information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). Moreover, "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.*

As demonstrated above, the supplemental disclosures of IMX's experts collectively comprise a little over one page of text and ***do not disclose any new opinions or alter any prior opinions.*** (Fuehrer Decl., Exhs. A, B and C.) Moreover, each of these disclosures merely updates the respective expert's list of materials considered. In one instance, the newly considered materials had no bearing on the expert's opinion (*id.*, Exh. A) and in the other two instances the experts stated that the newly considered materials merely confirmed their previously stated opinions. (*Id.*, Exhs. B and C). Again, all of the supplemental materials considered are either E-Loan documents that were produced after the deadline for expert disclosures, or, in the case of Mr. Wallace's supplemental disclosure, transcripts of depositions taken after the deadline for his expert disclosure. (*Id.*, Exhs. A, B and C.) As such, IMX's experts properly supplemented their prior disclosure to include additional information that they considered.

E-Loan conceded the propriety of these disclosures with its belated request to continue the depositions of IMX's experts on their updated lists of materials considered. (Fuehrer Decl., Exhs. D and E.) E-Loan also implicitly conceded the propriety of the supplemental expert disclosures because E-Loan fails to state *why* the supplemental disclosures were not proper under Rule 26(e) – a rule that specifically contemplates supplementation based upon "information

[that] has not otherwise been made known to the other parties during the discovery process." In this regard, E-Loan's Motion is misguided because it assumes that the supplemental expert disclosures of IMX's experts are untimely and improper, without analysis of, or citation to, the nature of the expert's supplemental disclosures. This is a critical failure because the Federal Rules both authorize and mandate supplementing expert disclosures when new information becomes available from the opposing party whether or not that information was disclosed during discovery. Fed. R. Civ. P. 26(a)(2)(D), 26(e).

Parties run afoul of the rules governing expert disclosures when parties proffer new (or materially altered) expert opinions under the guise that the disclosure is merely supplementing prior opinions. All of the case law cited by E-Loan is inapposite as *none* of IMX's supplemental disclosures offer new or materially altered opinions.

For example, one of the principal cases upon which E-Loan relies, *Lampe Berger*, involved an *unopposed* motion to strike a supplemental expert report where the expert materially altered a damages opinion (increasing the alleged damages by a factor of 18) after the deadline for the disclosure of expert testimony. *Lampe Berger USA, Inc. v. Scentier, Inc.*, 2008 WL 3386716, *1-2 (M.D. Fla. Aug. 8, 2008. Moreover, the wholesale changes to the expert's opinion were based upon information that the expert already had in her possession at the time of her initial report. *Id.* at 3. Thus, the district court struck the supplemental expert report on the grounds that the expert could not, among other things, "skirt the expert disclosure requirements of Rule 26 by characterizing new opinions in the supplemental report as supplemental." *Id.* at 3-4 (internal quotations omitted).

IMX's experts did not alter their opinions in the form of a supplemental report like the expert in *Lampe Berger*. Just the opposite. The supplemental disclosures of IMX's experts quite

12

clearly confirm that the opinions have not changed, that they have reviewed new information (from E-Loan) as it became available to them and that those materials are consistent with their previously articulated opinions. Other case law cited by E-Loan confirms that IMX's experts properly supplemented existing opinions rather than offering new opinions in contravention of the deadline for expert disclosures. *See* E-Loan's Motion at 7-8 (citing *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) for the proposition that the "purpose of a supplemental expert report *is to supplement – not to extend the expert disclosure deadline*"); citing *Advance v. Kerr-McGee Chem. LLC*, 2006 WL 3484246, *7 (E.D. Tex. 2006), for the proposition that a district court excluded a "late filed report where Plaintiffs failed to demonstrate substantial justification why *the revisions and new affidavits were filed after the expert deadline*").

The issue that the *Lampe Berger* court encountered is the same issue this Court faces in regard to deciding whether to exclude the untimely expert report from E-Loan's damages expert Mr. D'Ambrosio. (D.E. #220.) E-Loan references this Motion and argues that IMX cannot seek to exclude E-Loan's damages expert's testimony and at the same time offer supplemental expert disclosures. (E-Loan Motion at 11-12.) This argument highlights the difference between properly supplementing already complete expert opinions (as in the case of IMX's experts) and improperly proffering revamped and new opinions after the deadline for expert disclosures (as in the case of the expert in *Lampe Berger* and E-Loan's damages expert).

Indeed, each of IMX's experts gave complete statements of their opinions when expert disclosures were due and later supplemented the materials considered section as new information became available. E-Loan's damages expert, in stark contrast, acknowledged that his damages opinion was preliminary. (D.E. #221 at 3-4.) There is no dispute that Mr. D'Ambrosio did not

13

give a definitive and complete opinion as to the measure of damages at the time he served his rebuttal report in December 2009. (*Id.*) He then proffered a series of brand-new opinions months later based in part on information he had previously requested from E-Loan's counsel but which E-Loan failed to provide despite having had this information in its possession. (*Id.* at 4-5.) The Federal Rules authorize and mandate supplemental disclosures. The Rules and the cases cited by E-Loan in its Motion, however, do not permit wholesale changes to expert reports or brand-new opinions served after the deadline for the disclosure of expert testimony.

Even if the three supplemental disclosures at issue in this Motion were untimely (they were not), there is no reason to strike these materials because the supplemental expert disclosures were substantially justified and resulted in no prejudice to E-Loan. Fed. R. Civ. P. 37(c)(1). These supplemental disclosures are justified as they occurred following productions of documents by E-Loan (some of which were compelled by Magistrate Judge Brown) and depositions that were taken after the deadline for expert disclosures. (D.E. #105; Fuehrer Decl., Exh. H.) Experts are justified in reviewing new material that comes out in discovery, particularly when the expert is not skirting the expert disclosure deadlines by revamping his or her opinion. Fed. R. Civ. P. 26(a)(2)(D), 26(e)

E-Loan also has suffered no prejudice. As to E-Loan's conclusory assertion of prejudice concerning the timing of IMX's supplemental expert disclosure, none of the opinions of IMX's experts have changed since November 2009, and the experts merely have reviewed more information *that was produced by E-Loan.* (Fuehrer Decl., Exhs. A, B and C.) Moreover, as E-Loan deposed each of these experts on their opinions, there is no unfair surprise. E-Loan has had all of the information it needs to prepare for trial for well over six months. These supplemental disclosures, which again are merely additions to the experts' lists of materials considered, were

14

served months ago with the last supplemental disclosure being served on March 9, 2010. (Fuehrer Decl., Exhs. A, B and C.)

As to E-Loan's assertion of prejudice with regard to deposing IMX's experts on their supplemental disclosures, this claim is belied by nature of the supplemental disclosures and E-Loan's own actions.  The supplemental disclosures do not necessitate continued depositions because the supplemental disclosures simply identify additional deposition transcripts and E-Loan documents that were produced after the expert disclosure deadlines.  (Fuehrer Decl., Exhs. A, B and C.)  Likewise, E-Loan's assertion of prejudice is belied by the fact that E-Loan did not request the depositions until a month after the supplemental disclosures were served and E-Loan never responded to IMX's offer to make the experts available for three hours of additional deposition.  (Fuehrer Decl., Exh. D and ¶6.)  There is no prejudice because E-Loan abandoned the meet and confer discussions with IMX concerning continued expert depositions for two and a half months while numerous pretrial dates lapsed.  (Fuehrer Decl., Exhs. D and E, ¶6.)  Any and all prejudice to E-Loan is entirely of its own making.[5]

---

[5] E-Loan improperly relies on *Ace Tech. Corp. v. GFM Corp.*, 2010 WL 900525, *4 (S.D. Fla. Mar. 11, 2010), broadly for the proposition that it is appropriate to exclude an expert's testimony when a deposition is refused.  (E-Loan Motion at 10.)  This case is inapposite for a number of reasons.  In *Ace*, the plaintiffs did not produce their expert for deposition "despite several notices and subpoenas." *Ace Tech. Corp.*, 2010 WL 900525, at *4  The district court struck the expert's report (which was a total of three sentences long) and because the plaintiffs had no explanation for their failure to produce their expert. *Id.*  Here, E-Loan deposed IMX's experts on all of their opinions and did not notice depositions for the experts on their supplemental disclosures.  Moreover, no depositions are necessary on updated lists of materials considered, particularly when E-Loan abandoned the meet and confer discussions and dropped the issue for more than two and half months.  E-Loan's citation to *Wiley v. Brown*, 164 F.R.D. 547 (D. Kan. Jan. 23, 1996), also is inapposite.  In *Wiley*, the district court declined to strike a second expert report that offered new opinions in order to create an issue of fact on summary judgment. *Id.* at 548.  The district court declined to strike the second report with the new opinions and stated the there should be an opportunity to depose the expert again on the second report. *Id.* at 550.  It

15

In short, IMX properly provided its experts with additional information from E-Loan as it was produced and became available.  IMX's experts are obligated to add these documents to their lists of materials considered.   E-Loan's pretextual arguments to the contrary are contradicted by its sporadic, untimely and unwarranted requests for depositions that it never bothered to follow up on until months after all pretrial matters were to be submitted to this Court.

C.      **If The Court Should Find That E-Loan's Motion Has Any Merit (It Does Not), The Proper Remedy Would Be To Order Limited Depositions Of IMX's Experts On Their Supplemental Disclosures**

E-Loan overreaches with its request for relief.  Striking expert disclosures is a severe sanction in light of the limited nature of the supplemental disclosures and the fact that E-Loan abandoned the issue it contends it was denied (continued expert depositions) for months following a compromise proposal from IMX. (Fuehrer Decl., Exhs. D and E, ¶6.)  Accordingly, if the Court finds that E-Loan's Motion has any merit (for the reasons set forth above it does not), the Court should order depositions of IMX's experts that are limited in time and limited to the scope of the supplemental disclosures.  This is what IMX proposed to E-Loan before E-Loan abandoned the meet and confer discussions for a period of two and half months.

---

was not a case in which as here, the experts only updated the information they considered and the party seeking to take continued depositions abandoned the issue for months.

16

## IV.    CONCLUSION

For these reasons, IMX respectfully requests that the Court deny E-Loan's untimely Motion as a matter of course due to the numerous procedural defects associated with the Motion. Moreover, if the Court entertains the merits, the Motion should also be denied because the supplemental expert disclosures at issue were proper.

ASTIGARRAGA DAVIS MULLINS
& GROSSMAN, P.A.

701 Brickell Avenue
16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile (305) 372-8202

By:  __/s Annette C. Escobar_____
        Edward M. Mullins
        Annette C. Escobar
        Fla. Bar Nos. 863920 & 369380
        emullins@astidavis.com

Local Counsel for Plaintiff IMX, Inc. and
Non-Party Robert Mihalyi

-AND-

M. Elizabeth Day (Bar No. 177125)*
William G. Goldman (Bar No. 203630)*
Marc Belloli (Bar No. 244290)*
Erik R. Fuehrer (Bar No. 252578)*
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Telephone:  650.833.2000
Fascimile:  650.833.2001

Lead Counsel for Plaintiff IMX, Inc. and
Non-Party Robert Mihalyi

17

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2010, I forwarded a copy of the foregoing, via electronic mail and U.S. Mail, postage prepaid, to counsel for Defendants, Samuel A. Lewis, Feldman Gale, 2 South Biscayne Boulevard, 30th Floor, Miami, Florida 33131.

By:  /s Annette C. Escobar
Annette C. Escobar

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.