UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 09-20965-CIV-MARTINEZ-BROWN

IMX, INC., d/b/a GLOBAL NETOPTEX, INC.,
    Plaintiff,

vs.

E-LOAN, INC., and BANCO POPULAR
NORTH AMERICA, INC.,
    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART IMX INC.'S RENEWED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

THIS CAUSE came before the Court upon IMX, Inc.'s Renewed Motion for Partial Judgment on the Pleadings (D.E. No. 375). In this motion Plaintiff IMX Inc. ("Plaintiff" or "IMX") moves pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings on Defendant E-Loan Inc.'s ("Defendant" or "E-Loan") seventh, tenth, twelfth and fifteenth affirmative defense and on Count III of E-Loan's Amended Counterclaims. After careful consideration, the Court grants in part and denies in part Plaintiff's motion.

    **I.**    **Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). In reviewing a motion for judgment on the pleadings, the Court accepts all facts in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id*.

In considering a motion for judgment on the pleadings under Rule 12(c) as in considering

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers whether the pleader has stated a claim for relief.  *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002) (finding that a court's conversion of a motion to dismiss filed pursuant to Rule 12(b)(6) to a motion for judgment on the pleadings filed pursuant to Rule 12(c) was of "no moment" as the substantive analysis was the same).   In pleading a claim, a party must state "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This is "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).  However, "[w]hile a complaint [or a counterclaim] . . . does not need detailed factual allegations, a . . . [pleader's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal citations omitted).

The pleading requirements under Rule 8 for claims and defenses are essentially the same.  In pleading a defense a party must "state in short and plain terms its defenses" and where asserting an affirmative defense a party must "affirmatively state that defense."  Fed. R. Civ. P. 8(b)(1)(A) and 8(c)(1).  As with a claim asserted in a complaint or a counterclaim, an affirmative defense may not contain only bare bones conclusory allegations.  *Microsoft Corp v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002).[1]

---

[1] It is, however, not always necessary in the context of an affirmative defense to plead evidentiary support for a defense.  *See McGlothan v. Walmart Stores, Inc.*, No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006) (stating that "a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements.").

## II. Analysis

Plaintiff seeks partial judgment on the pleadings on Defendant E-Loan's seventh, tenth, twelfth, and fifteenth affirmative defense and on Count III of E-Loan's Amended Counterclaims. E-Loan has withdrawn its seventh affirmative defense. E-Loan has also partially withdrawn its fifteenth affirmative defense and Count III of its counterclaims. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion.

### A. Patent Misuse and Unclean Hands in the Tenth Affirmative Defense, Fifteenth Affirmative Defense and Count III of Defendant's Counterclaims

First, Plaintiff seeks judgment on the pleadings on Defendant's fifteenth affirmative defense[2] of patent misuse, on Defendant's claim of patent misuse in Count III[3] of Defendant's amended counterclaim,[4] and on Defendant's tenth affirmative defense[5] of unclean hands because

---

[2] In the fifteenth affirmative defense Defendant states:

Plaintiff is precluded from enforcing the '947 Patent due to patent misuse. The Patent misuse at issue includes, without limitation:

> a. Plaintiff's repeated assertion and improper threat of litigation relating to an invention that Plaintiff knows is not embodied in the '947 Patent and/or that relate to claims Plaintiff knows it has no standing to assert because it does not own the '947 Patent.

(D.E. No. 238-1 at 9-10).

[3] In Count III, E-Loan has sought declaratory judgment of patent unenforceability. In relevant part in this count, Defendant repeats the allegation of patent misuse stated in Defendant's fifteenth affirmative defense. *See* (D.E. No. 237 at 5); (D.E. No. 238-1 at 9-10).

[4] As stated above, E-Loan has partially withdrawn its fifteenth affirmative defense and portions of Count III of its counterclaims. Specifically, E-Loan has withdrawn the portions of this defense and this count which relate to inequitable conduct before the U.S. Patent and Trademark Office and the issue of patent misuse as it relates to IMX's "assertion of the '947 Patent against products that were known not to infringe that patent." (D.E. No. 376 at 1). The portions of the fifteenth affirmative defense and Count III which relate to "patent misuse based

this claim and these defenses are barred by 35 U.S.C. § 271(d)(3). This section provides that "[n]o patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by

---

upon Plaintiff's assertion of patent rights that it did not and does not own and any other patent misuse" remain at issue. *Id*. at 2.

> [5]Defendant E-Loan's tenth affirmative defense states in full that
>
> Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands. These equitable defenses are predicated upon, without limitation:
>
> a. Plaintiff brought suit against various parties, including E-Loan, in or about November 2003, for alleged infringement of the '947 Patent. Thereafter, in June 2004, Plaintiff entered into a Stipulated Order of Dismissal, pursuant to which Plaintiff dismissed E-Loan from the patent infringement action. Thereafter, Plaintiff and/or its agents continued to gather evidence of E-Loan's alleged infringement of the '947 Patent, but Plaintiff never: (i) identified what E-Loan was doing that it believed infringed the '947 Patent; and (ii) made any effort to communicate to E-Loan that, despite entering into the June 2004 Stipulated Order of Dismissal, Plaintiff still believed that E-Loan was infringing the '947 Patent. Certainly, Plaintiff never communicated or otherwise indicated to E-Loan that Plaintiff intended to again bring suit against E-Loan. Plaintiff also waited until *after* E-Loan shut down its operations before commencing this action. Ultimately, Plaintiff unreasonably delayed the commencement of this action, sitting on its rights for roughly five and a half years, and allowing the alleged damages to accrue, rather than providing E-Loan with notice and giving E-Loan an opportunity to take remedial measures or to seek a declaration that '947 Patent is invalid and/or that E-Loan did not infringe the '947 Patent. Plaintiff has no legitimate excuse for its inequitable actions and/or inactions.
>
> b. Plaintiff's repeated assertion and improper threat of litigation relating to an invention that Plaintiff knows is not embodied in the '947 Patent and/or that relate to claims that Plaintiff knows it has no standing to assert because it does not own the '947 Patent.
>
> (D.E. No. 238-1 at 8).

reason of his having . . . sought to enforce his patent rights against infringement or contributory infringement." Plaintiff argues that as E-Loan's claims of patent misuse and unclean hands as pleaded they are nothing more than allegations of wrongful enforcement, which are barred by section 271(d)(3). As discussed below, the Court agrees that this claim and the defenses are barred in part.

Defendant alleges in its tenth affirmative defense, its fifteenth affirmative defense, and in Count III that Plaintiff is not the patent owner or that even if they are they are not entitled to relief for infringement because they have threatened litigation with regard to an invention that is not embodied in their patent. To the extent Defendant has alleged that Plaintiff is not the owner of the patent, the Court finds its claim and defenses are not barred. Under the plain language of section 271(d)(3), this section applies only to protect a "patent owner." Thus, Defendant's claims that Plaintiff is not the owner of the patent as it relates to unclean hands and patent misuse are not barred. However, to the extent Defendant asserts unclean hands or patent misuse because it argues that Plaintiff has threatened litigation with regard to an invention that is not embodied in their patent, the Court finds its claim and defenses are barred under section 271(d)(3). *See Pace Intern., LLC v. Indus. Ventilation, Inc.*, No. C08-1822RSL, 2009 WL 2460999, at *1 (W.D. Wash. Aug. 6, 2009) (finding that section 271(d)(3) barred an affirmative defense alleging patent misuse based on wrongful enforcement); *see also C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F. 3d 1340, 1373 (Fed. Cir. 1988) (finding a jury instruction on patent misuse improper where it was based on wrongful enforcement of patents). Thus, the Court grants IMX's motion with regard to E-Loan's assertions of unclean hands or patent misuse in its tenth affirmative defense, fifteenth affirmative defense and Count III of E-Loan's counterclaims to the extent E-Loan argues that

Plaintiff has threatened litigation with regard to an invention that is not embodied in their patent.

### B.     Laches, Estoppel, Waiver, and Implied License in Defendant's Tenth Affirmative Defense

Plaintiff also seeks judgment on the pleadings on Defendant's claims that this Plaintiff's claims are barred by the doctrine of laches, estoppel, waiver, and implied license as stated in E-Loan's tenth affirmative defense.[6] Plaintiff argues that it is entitled to judgment on the pleadings on these defenses because E-Loan has not properly set forth grounds for entitlement to relief on any of these defenses.  This Court finds that judgment on the pleadings should be granted with regard to E-Loan's waiver and implied license defense but finds judgment on the pleadings inappropriate as to the other defenses.

#### 1.     Laches

First, Plaintiff seeks judgment on the pleadings on E-Loan's defense of laches, arguing that Plaintiff has failed to sufficiently plead this defense. "To prevail on a defense of laches, . . . [a defendant] must prove two elements: (1) . . . [plaintiff] delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against . . . [the defendant], and (2) the delay operated to the prejudice or injury of . . . [the defendant]." *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1349 (Fed. Cir. 2009).   Plaintiff specifically argues that E-Loan has not sufficiently alleged prejudice. The Court disagrees.

In its tenth affirmative defense, E-Loan states:

> Ultimately, Plaintiff unreasonably delayed the commencement of this action, sitting on its rights for roughly five and a half years, and allowing the alleged

---

[6]*See supra* note 5.

>damages to accrue, rather than providing E-Loan with notice and giving E-Loan
>an opportunity to take remedial measures or to seek a declaration that '947 Patent
>is invalid and/or that E-Loan did not infringe the '947 Patent.

(D.E. No. 238-1 at 8). The Court finds such allegations are sufficient. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (stating that economic prejudice is "likely to be a slippery issue" and noting that "[t]he courts must look for a change in the economic position of the alleged infringer during the period of delay. On the other hand, this does not mean that a patentee may intentionally lie silently in wait watching damages escalate . . . particularly where an infringer, if he had notice, could have switched to a noninfringing product.") (internal citations omitted). Thus, the Court denies IMX's motion with regard to E-Loan's laches defense.

### 2. Estoppel

Next, Plaintiff seeks judgment on the pleadings on E-Loan's defense of estoppel, arguing that Defendant has failed to sufficiently pleaded this defense.

>In the context of patent infringement, the three elements of equitable estoppel that
>must be established are: (1) the patentee, through misleading conduct, led the
>alleged infringer to reasonably believe that the patentee did not intend to enforce
>its patent against the infringer; (2) the alleged infringer relied on that conduct; and
>(3) due to its reliance, the alleged infringer would be materially prejudiced if the
>patentee were permitted to proceed with its charge of infringement.

*Aspex Eyewear Inc. v. Clariti Eyewear Inc.*, 605 F. 3d 1305, 1310 (Fed. Cir. 2010). Plaintiff argues that E-Loan has not sufficiently alleged prejudice for the same reasons that it alleges E-Loan did not allege prejudice under the laches defense. Plaintiff also argues that E-Loan has not sufficiently alleged reliance.

For the same reasons that this Court finds E-Loan has sufficiently alleged prejudice for its

laches defense, this Court also finds E-Loan has sufficiently alleged prejudice for its estoppel defense. The Court also finds E-Loan has sufficiently alleged reliance. In its tenth affirmative defense, E-Loan states that Plaintiff brought suit against E-Loan in 2003 for alleged infringement of the patent at issue in this case, and Defendant alleges that in 2004 Plaintiff entered into a Stipulated Order of Dismissal dismissing E-Loan from the suit. (D.E. No. 238-1 at 8). Although E-Loan does not state the word "rely" or "reliance" in this affirmative defense, it is completely clear that E-Loan is alleging that it relied on this dismissal and Plaintiff's silence on this issue for "five and a half years" as it continued with its business using the allegedly infringing product. *Id*. Thus, the Court also denies Plaintiff's motion with regard to E-Loan's estoppel defense.

### 3. Implied License and Waiver

Next, Plaintiff seeks judgment on the pleadings on E-Loan's defense of implied license and waiver, arguing that Defendant has failed to sufficiently plead this defense. "An implied license signifies a patentee's waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing, the patented invention." *Winbond Elecs. Corp. v. Int'l Trade Com'n*, 262 F.3d 1363, 1374 (Fed. Cir.2001). "[I]mplied licenses arise by acquiescence, by conduct, by equitable estoppel . . . , or by legal estoppel. *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir.1997). Here, E-Loan has stated that it is arguing that an implied license arose by acquiescence or equitable estoppel. (D.E. No. 377 at 15).

Regardless of the type of implied license at issue, in considering whether there is an implied license there must be "an affirmative grant of consent or permission to make, use or sell: i.e., a license." *Wang Labs., Inc.*, 103 F. 3d at 1581. Plaintiff argues that E-Loan's defense is insufficient because Defendant does not allege that Plaintiff's conduct or statements gave them

the required affirmative grant of consent or permission. The Court agrees.

Plaintiff's dismissal of a previous action for patent infringement against Defendant E-Loan and its intervening silence is not an affirmative grant of consent or permission. Defendant has alleged misleading conduct, which is enough for a defense of equitable estoppel but not for a defense based on an implied license. *See id*. (noting that the affirmative grant of consent or permission requirement is the main distinction between finding an implied license versus finding equitable estoppel, which only requires "misleading conduct suggesting that a patentee will not enforce patent rights." ) (internal quotation marks omitted). Thus, the Court grants Plaintiff's motion for judgment on the pleadings with regard to E-Loan's defense of implied license and waiver.

      **C.**     **Mitigation of Damages in Defendant's Twelfth Affirmative Defense**

Finally, Plaintiff also seeks judgment on the pleadings on Defendant's twelfth affirmative defense. Defendant states in its twelfth affirmative defense that "Plaintiff has failed to mitigate any injury or damages it may have suffered." (D.E. No. 238-1 at 9). Plaintiff seeks judgment on the pleadings on this affirmative defense, arguing that failure to mitigate is not a defense to patent infringement and that even if it is, E-Loan has failed to properly plead this defense as it has not alleged any supporting facts or the elements of this defense. This Court disagrees.

First, the Court disagrees that a mitigation of damages defense may not be asserted in a patent infringement action. Plaintiff argues that failure to mitigate damages is not a defense in a patent infringement case because it cannot find any case law discussing this defense in the

context of patent infringement and certain treatises on patent law do not discuss it.[7]  Plaintiff also argues that this "makes sense because . . . a patent holder has no recourse when faced with an infringer but to seek a license and, if one is declined to sue for infringement." (D.E. No. 375 at 15).  The Court finds these arguments are without merit.

> Mitigation of damages has been defined as
>
> The principle requiring a plaintiff, after an injury or breach of contract, to make reasonable efforts to alleviate the effects of the injury or breach. • If the defendant can show that the plaintiff failed to mitigate damages, the plaintiff's recovery may be reduced.

BLACK'S LAW DICTIONARY 1093 (9th ed. 2009).  Here, Plaintiff is the injured party seeking compensatory damages for the alleged patent infringement.  In determining compensatory damages for patent infringement under 35 U.S.C. § 284, the focus is on compensating the patentee or the plaintiff for this injury.[8]  *See Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1446 (Fed. Cir. 1990) ("The two methods by which damages are usually calculated under [35 U.S.C.] § 284 [for patent infringement] are assessment of actual damages (the profits the patentee lost due to the infringement) or, if actual damages cannot be ascertained, determination of a reasonable royalty.").  Thus, it is entirely appropriate for a defendant to assert a defense of failure to mitigate damages when considering what amount of compensation is appropriate for Plaintiff, the injured party in this action.  Such a defense may rarely be relevant in a patent infringement case, but it is not inappropriate.

---

[7]Plaintiff also has not been able to cite the Court any authority finding that such a defense may not be raised in a patent infringement case.

[8]The Court acknowledges that it may "increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284.

Next, the Court also finds that Defendant's Answer puts IMX on notice with regard to its reasons for asserting failure to mitigate damages. Defendant details Plaintiff's alleged delay in bringing this suit and its alleged damage in its tenth affirmative defense. *See Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F. 3d 1242, 1253 n.11 (11th Cir. 2005) (noting that in considering a Rule 12(b) motion, the court considers the complaint as a whole, that fair notice is all that is required, and finding that the defendant could not "say that it did not receive fair notice of . . . [a] claim just because . . . language . . . [relating to it] was placed in another section of the complaint."). Thus, the Court denies Plaintiff's motion for judgment on the pleadings as to this defense. Therefore, it is hereby:

**ORDERED AND ADJUDGED** that

IMX, Inc.'s Renewed Motion for Partial Judgment on the Pleadings (D.E. No. 375) is **GRANTED in part** and **DENIED in part**. The motion is granted with regard to E-Loan's seventh affirmative defense,[9] with regard to E-Loan's fifteenth affirmative defense and Count III of E-Loan's counterclaims to the extent they have been withdrawn, with regard to E-Loan's assertions of unclean hands or patent misuse in its tenth affirmative defense, fifteenth affirmative defense and Count III of E-Loan's counterclaims to the extent E-Loan argues that Plaintiff has threatened litigation with regard to an invention that is not embodied in their patent, and with regard to E-Loan's affirmative defense of implied license and waiver in its tenth affirmative defense. The motion is denied in all other respects.

DONE AND ORDERED in Chambers at Miami, Florida, this 1 day of November, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

---

[9] This defense was withdrawn.