UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IMX, INC., d/b/a GLOBAL NETOPTEX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> E-LOAN, INC. and BANCO POPULAR NORTH AMERICA, INC., <br><br> Defendants. | CASE NO.: 09-20965-CIV-MARTINEZ <br> Magistrate Judge Brown |

**REPLY MEMORANDUM IN SUPPORT OF IMX, INC.'S RENEWED MOTION FOR SUMMARY JUDGMENT OF NOTICE OF INFRINGEMENT, PATENT OWNERSHIP AND CONCEPTION OF THE ASSERTED CLAIMS**

DLA PIPER LLP (US)
M. Elizabeth Day (CA Bar No. 188125)*
Mark Belloli (CA Bar No. 244290)*
Erik R. Fuehrer (CA Bar No. 252578)*
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833-2000
Facsimile: (650) 833-2001

*Lead Counsel for Plaintiff IMX, Inc.*

*Admitted Pro Hac Vice

ASTIGARRAGA DAVIS MULLINS
 & GROSSMAN, P.A.
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Annette C. Escobar (Fla. Bar No. 369380)
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*Local Counsel for Plaintiff IMX, Inc.*

I.  **IDENTIFICATION OF EXHIBITS FOR THE COURT'S CONSIDERATION**

In addition to the Exhibits A-X, which were identified in support of IMX's Renewed Motion for Summary Judgment ("Motion") (D.E.#386), IMX identifies Exhibits Y-FF for this Reply. The exhibits identified in Reply are for the purposes of demonstrating that no triable issues of fact exists with respect to any of the three narrow issues for which IMX has sought summary judgment.

II. **E-LOAN FAILS TO RAISE A TRIABLE ISSUE OF FACT FOR ANY OF THE THREE ISSUES ON WHICH IMX SEEKS SUMMARY JUDGMENT**

A.  **Because It Is Undisputed That IMX Filed An Action For Infringement Of The '947 Patent Against E-Loan On November, 24, 2003, IMX Provided Actual Notice Of Infringement On That Date As A Matter Of Law**

The Patent Act could not be more clear that the "[f]iling of an action for infringement" constitutes actual notice of infringement. 35 U.S.C. §287(a). Nothing more is required. IMX therefore provided actual notice of infringement to E-Loan on November 24, 2003, when it filed an action for infringement of the '947 patent against E-Loan in the District of Delaware. IMX Motion, D.E.#386 at 4-5. Per the plain language of the statute, this ends the notice inquiry, and IMX is entitled to recover damages beginning on that date. The Court should grant summary judgment in favor of IMX on this issue.

Rather than accept the clear and unambiguous dictates of the statute, E-Loan makes two arguments that erroneously import nonexistent limitations into Section 287(a). First, E-Loan argues that the November 24, 2003, complaint itself failed to provide actual notice under Section 287(a). This argument is contrary to the plain language of the statute, which merely requires the filing of a complaint for infringement and nothing more. 35 U.S.C. §287(a). Second, E-Loan argues that notice was somehow "extinguished" because E-Loan was dismissed without prejudice from the Delaware Action. That is incorrect, but in so arguing E-Loan essentially

concedes that the Delaware complaint constituted actual notice of infringement under Section 287. In any event, none of the cases E-Loan cites in support of its argument actually stand for the proposition that notice can be "extinguished" in this manner.

### 1. The Filing Of The November 24, 2003, Complaint Against E-Loan Is Sufficient Notice Of Infringement Pursuant to 35 U.S.C. §287(a)

E-Loan's first argument—that the November 24, 2003, complaint did not provide sufficient notice—fails for three reasons.

First, this argument improperly invents requirements that are simply not in Section 287(a). Section 287(a) is plain on its face and there is nothing in the statute about what amount of detail, if any, must be in the Complaint. 35 U.S.C. §287(a). When, as here, the terms of a statute are unambiguous, judicial inquiry is complete. *Rubin v. U.S.*, 449 U.S. 323, 420 (1981). Nothing in the statute's unambiguous language creates situations in which some "[f]iling[s] of action[s] for infringement" constitute notice and others do not. All that is required for actual notice under the statute is the filing of an action for infringement.

Second, the case law that E-Loan cites does not import pleading requirements into Section 287(a). For example, the *Amsted, Gart, Von Holdt, Eastman Kodak, Asyst* and *Telios* cases concern whether demand letters–not the prior filing of a complaint for patent infringement–constitute actual notice under Section 287(a).[1]

Demand letters and other communications are a separate and distinct way an accused infringer can be put on notice in addition to the statutorily enumerated means of filing a

---

[1] *See Amsted Indus., Inc. v. Buckeye Steel Castings, Co.*, 24 F.3d 178, 186-87 (Fed. Cir. 1994); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 1991); *Von Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, *5-6 (N.D. Ill. May 17, 2010); *Eastman Kodak Co. v. Agfa-Gevaert N.V.*, 560 F. Supp. 2d 227, 238 (W.D.N.Y. 2008); *Mass. Institute of Tech. v. Abacus Software, Inc.*, 2004 WL 5268125, *2-3 (E.D. Tex. Sept. 29, 2004); *Asyst Techs., Inc. v. Empak, Inc.*, 2006 WL 3302476 (N.D. Cal. Nov. 14, 2006); *Telios Pharms., Inc. v. Merck KgaA*, 1997 WL 34672400, *6 (S.D. Cal. Sept. 8, 1997).

complaint for infringement. *Id.* Likewise, *Tippmann*, *Intergraph Corp.* and *McZeal* are pleading standards cases that have nothing to do with Section 287(a).[2] These cases are simply not on point and certainly do not import any additional requirements into Section 287.[3]

Third, E-Loan cannot credibly contend that the November 24, 2003, complaint did not provide actual notice when E-Loan *answered* IMX's complaint and asserted an affirmative defense and counterclaim of non-infringement. D.E.#386-2, Ex. B; IMX SOMF, D.E.#387 ¶2. E-Loan could not have asserted this defense and its *own* claim without investigating its own alleged infringing activities. E-Loan thus knew what activities IMX alleged were infringing and request a declaration that it was not infringing. As a result, E-Loan had actual notice of infringement even under its improperly inflated view of what Section 287 requires. Indeed, E-Loan's Fifth Affirmative Defense in the Delaware Action relied on 35 U.S.C. §287 concerning limiting damages for infringement occurring "prior to the filing of the Complaint" in the Delaware Action. D.E.#386-2, Ex. B. This is yet another admission by E-Loan that the filing of the Delaware complaint constituted actual notice of infringement.

---

[2] *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007); *Tippmann Pneumatics, LLC v. Brass Eagle, LLC*, 2005 WL 2456908, *1-2 (N.D. Ind. Oct. 4, 2005); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, *1 (N.D. Cal. Sept. 6, 2003).

[3] E-Loan's reliance on *Fujitsu Ltd. v. Netgear, Inc.*, 2009 WL 3047616 (W.D. Wis. Sept. 18, 2009), an unpublished and overruled case, is misplaced for several reasons. First, this order was overturned with respect to situations in which only method claims are asserted which renders any persuasive value of this opinion extremely limited. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1332 (Fed. Cir. 2010). Second, contrary to E-Loan's misrepresentation, the Federal Circuit has *not* held that a complaint must identify an accused product or service in order to constitute actual notice under Section 287. This aspect of the district court's opinion in *Fujitsu* was not addressed by the Federal Circuit. *Id.* Third, the court in *Fujitsu* equivocates on whether the complaint-at-issue provided notice of infringement. *Fujitsu*, 2009 WL 3047616, at *9 ("it is questionable whether even the commencement of this lawsuit provided proper notice"). Fourth, and most importantly, the district court's ruling in *Fujitsu* is contrary to the plain language of Section 287, which requires the filing of a complaint for infringement and nothing more for actual notice.

### 2. There Is No Authority For E-Loan's Argument That Notice Of Infringement Under Section 287(a) Can Be "Extinguished"

E-Loan's argument that the dismissal of E-Loan *without prejudice* from the Delaware Action somehow "extinguished" the notice of infringement also is incorrect. The argument is based on several cases whose holdings do not relate to, or otherwise rely on patent law, much less Section 287(a), and dicta from an overruled case that predates the current version of the statute. Further, the very fact that E-Loan argues notice was "extinguished" undermines its first argument that there was no actual notice in the first place.

The first string of cases that E-Loan cites – *Sandstrom*, *Dade County*, and *Piper Aircraft* – concern the effect of a dismissal without prejudice on personal jurisdiction, the statute of limitations, and class certification in subsequently re-filed matters, respectively.[4] These non-patent cases have nothing to do with notice of infringement under Section 287(a), much less mandate that such notice is extinguished when a dismissal without prejudice is filed.

Likewise, E-Loan's reliance on dicta from a district court opinion in *Crowell*, **which was overruled and predates the current version of Section 287(a)**, fails for several reasons. *See Crowell v. Bark Oil Tools*, 143 F.2d 1003 (9th Cir. 1944) (overturning 49 F. Supp. 552, 553 (S.D. Cal. 1943)). First; *Crowell* concerns the requirements for establishing a case or controversy for declaratory judgment in a patent case, not the issue of notice of infringement. *Id.* at 1003-04. Second, the Ninth Circuit *reversed* the very portion of the district court opinion cited by E-Loan. *Crowell*, 143 F.2d at 1005-06. If anything, *Crowell* stands for the proposition that an accused infringer **remains on notice** following a dismissal without prejudice because the *Crowell* court found that an accused infringer has standing to bring a declaratory judgment action

---

[4] *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86-87 (1st Cir. 1990); *Dade County v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987); *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219-20 (8th Cir. 1977).

following a dismissal without prejudice. *Id.* Third, *Crowell* is inapplicable because it predates the 1952 amendment's addition of the "[f]iling of an action for infringement shall constitute [] notice" provision of Section 287(a). *Compare* 69th Congress Sess. II, Act of Feb. 7, 1927, ch. 67, 4900, 44 Stat. 1058-59 (1927) (Ex. Y) *with* Pub. L. 82--593 (chapter 950), 66 Stat. 792 (Ex. Z).

In short, notice of infringement in this case is a simple inquiry that begins and ends with the filing of the November 24, 2003, complaint against E-Loan. This act provided actual notice of infringement under Section 287 and could not subsequently be "extinguished." IMX is entitled to summary judgment on this issue.

### B. The Law and Undisputed Facts Contradict E-Loan's Argument That IMX Does Not Own The '947 Patent

With respect to ownership, E-Loan's Opposition primarily rests on the incorrect and unsupported assertion that the inventors never assigned the '947 patent to IMX. The 1998 Assignment *only* could have referred to IMX, Inc., the plaintiff in this case, and E-Loan presents no legitimate argument otherwise. IMX owns the patent by virtue of the 1998 Assignment and thus has standing in this case. The later *nunc pro tunc* assignment simply was a belts-and-suspenders transaction that confirmed what already had occurred in 1998.

First, E-Loan argues that the inventors, instead of assigning the patent to their employer at the time (IMX), assigned the patent to "a non-existent entity." E-Loan Opp. at 2-3. Without supporting authority, E-Loan simply proclaims that an innocuous typographical error in a recital that imprecisely identifies IMX as being "a California corporation" renders the assignment a nullity. E-Loan's position, however, contradicts state contract law and Federal Circuit precedent.

The Federal Circuit flatly rejected an argument just like E-Loan's earlier this year in the *Tri-Star* case. *See Tri-Star Elect. Int'l, Inc., v. Preci-Dip Dutral SA*, 619 F.3d 1364, 1366-67

(Fed. Cir. 2010). In *Tri-Star*, the Federal Circuit construed a patent assignment and held it was valid even though the assignee had been misidentified in the assignment as an Ohio rather than a California corporation. *Id.* The issue here is exactly the same: the *only* assignee to which the 1998 Assignment could have been referring is IMX and the only issue is whether misidentifying IMX as "a California corporation" instead of "a Delaware corporation" in the assignment is fatal. It is not. The *Tri-Star* case is directly on point and mandates summary judgment in IMX's favor.

California contract law and the *Tri-Star* case dictate that the 1998 Assignment, like any other assignment or contract, "must receive an interpretation as will make it lawful, operative, and capable of being carried into effect." *See* Cal. Civ. Code §1643; *see also Tri-Star*, 619 F.3d at 1366-67. And, when the relevant statutes and case law concerning contract interpretation are applied, the evidence supports only one conclusion: the inventors intended to, and did, assign their interest in the '947 patent to their employer, IMX. IMX Motion, D.E.#386 at 5-11. The inventors properly identified IMX by its address and the name under which it was registered to do business at the time. There is simply no other entity to which the inventors conceivably could have intended to assign their interest. The 1998 Assignment was not an assignment to "no one," it was an assignment to IMX. This is a legal issue that is properly decided on summary judgment. *See e.g. Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1125-1127 (2008).

Second, E-Loan's new fallback argument (which actually belies its "non-existent entity" argument) is that the inventors assigned the '947 patent to Industrywide Mortgage Exchange, LLC ("IMX LLC") rather than IMX, Inc. (the corporation). E-Loan Opp. at 4-7. This argument fails because the record indisputably shows that IMX LLC was simply IMX, Inc.'s *predecessor*, and IMX, Inc. was the only IMX entity that existed at the time of the 1998 Assignment. Ex. AA

at IMX-E019469; Ex. BB at IMX-E023526, IMX-E023528, IMX-E023534; Ex. CC at IMX-E073662-64; E-Loan Opp., Ex. 11.

IMX LLC was formed in 1995. E-Loan Opp., Ex. 11. IMX, Inc. was formed in November 1996. Upon formation, IMX, Inc. acquired IMX LLC in exchange for IMX stock and then dissolved IMX LLC upon completion of this stock exchange transaction. Ex. AA at IMX-E019469; Ex. BB at IMX-E023526, IMX-E023528, IMX-E023534; Ex. CC at IMX-E073662-64; E-Loan Opp., Ex. 11. Accordingly, at the time of the 1998 Assignment, the only existing IMX entity was IMX, Inc., the plaintiff in this case.[5] Moreover, contrary to E-Loan's assertion, at the time of the 1998 Assignment, the only company that was doing business at 111 Deerwood Road was IMX, Inc. Therefore, because the inventors properly identified IMX by the name it used to transact business at the time and by its address, the *only* entity to which the 1998 Assignment could be referring is IMX, Inc. Because this is the only reasonable conclusion that the evidence permits, summary judgment is warranted in favor of IMX.

E-Loan's tertiary argument—that the inventors of the '947 patent are somehow "indispensable parties" that must be joined in this action—likewise is misplaced. E-Loan Opp. at 3-4. This argument cannot even get off the ground because the assignment itself confirms that

---

[5] To support its "assignment to IMX LLC" theory, E-Loan repeatedly makes numerous factual misrepresentations. For example, it states that a non-disclosure agreement signed by two of the inventors shows that they worked for IMX LLC and not IMX (the corporation). E-Loan Opp. at 5 ("Moreover, it was for this company, not the Plaintiff, that Dr. Adiga and Mr. Fraser apparently worked for."). This is contradicted by the agreement itself, which is entitled "Industrywide Mortgage Exchange, LLC/***IMX, Inc.*** Nondisclosure and Confidentiality Agreement." E-Loan Opp., Ex. 2. Likewise, E-Loan claims that one of the inventor's testimony was that he "worked with IMX from 1995 to 2000" is false and impossible. This testimony is entirely consistent with the uncontested record which is that IMX LLC was a predecessor to IMX, became wholly owned by IMX, and then was dissolved long before the 1998 Assignment. Ex. AA at IMX-E019469; Ex. BB at IMX-E023526, IMX-E023528, IMX-E023534; Ex. CC at IMX-E073662-64; E-Loan Opp., Ex. 11. E-Loan's identification of a predecessor LLC which was merged into IMX, is a red herring. By the time of the 1998 Assignment the only IMX entity that existed was IMX, Inc., the plaintiff in this case.

each inventor relinquished all right, title, and interest in the '947 patent. None of the inventors can be an indispensable party when they did not retain any ownership interest in the '947 patent. IMX's SOMF, D.E.#387 at ¶¶6-9. Similarly, E-Loan has not shown how the rights of the inventors are affected by the outcome of this patent litigation matter. *See* Fed. R. Civ. P. 19. Therefore, as a matter of law, the inventors are not indispensable parties under Federal Rule of Civil Procedure 19.

Moreover, whether a patent assignment transferred ownership from a third-party to a patent infringement plaintiff routinely is litigated without requiring joinder of the assignor to the litigation simply because the defendant raises a standing issue. *See, e.g., Tri-Star Elect. Int'l, Inc.*, 619 F.3d at 1366-67; *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1376-78 (Fed. Cir. 2000). As noted above, essentially the exact same issue was decided by the Federal Circuit without the compulsory joinder of the inventors. *Tri-Star*, 619 F.3d at 1366-67. Moreover, the *Prima Tek* case similarly held that the court needs to first determine whether the assignor retains sufficient rights such that it must be added as an indispensible party. *Prima Tek*, 222 F.3d at 1376-78. As the 1998 assignment makes clear, none of the inventors retained rights such that they must be added as plaintiffs.

The cases cited by E-Loan are inapposite because none involved a finding that a prior assignor was an indispensable party *before* a determination was made that the assignor retained rights in the patent-in-suit. Moreover, these cases were not patent infringement actions; they instead dealt with scenarios in which complete relief could not be afforded between the existing parties because third-parties' rights necessarily would be affected by the outcome of the litigation. *See, e.g., Wing Indus., Inc. v. Korach*, 1981 WL 48203, *2 (S.D. Fla. Apr. 21, 1981) ("**This is not a patent infringement action** but an action to quiet title" requiring the presence of

non-parties who may claim an ownership interest) (emphasis added); Motion at 4-5 (citing similar cases).

E-Loan's argument does not even mention Rule 19's four nonexclusive factors that must be considered in determining whether a party is indispensable. Nor, does E-Loan otherwise explain why any rights of the inventors would be impaired such that they must be joined. IMX owns the '947 patent as a matter of law.[6]

E-Loan also bases its standing argument on its unsubstantiated belief that the April 2, 2009, *nunc pro tunc* patent assignment was executed to correct a defect in the original May 1998 assignment. E-Loan Opp. at 8-10. Again, E-Loan is wrong. There was no defect in the original assignment. IMX Motion, D.E.#386 at 5-11. Rather, to make it clear that all rights passed from IMX Mortgage Exchange (the DBA) to IMX, Inc. by operation of law, IMX Mortgage Exchange executed a *nunc pro tunc* assignment in favor of IMX with an effective date of May 21, 1998—the date of the original assignment from the inventors to IMX. *Id.* at 11; IMX SOMF, D.E.#387 at ¶¶4-14. IMX did this after LendingTree belatedly had raised the same standing objection in its appellate briefing in that case after it lost the patent infringement action at trial and the Delaware District court had enforced the '947 patent as being owned by IMX. While not necessary because all rights in the '947 patent inured to IMX under the 1998 assignment, the *nunc pro tunc* assignment eliminates any possible doubt that the assignment of the '947 patent to "IMX Mortgage Exchange" necessarily was an assignment to IMX, Inc. This belt-and-suspenders confirmation of the earlier assignment is a commonly-used tool in patent assignments, but, with

---

[6] Again without authority, E-Loan also makes the specious argument that IMX needs to seek reformation of the 1998 Assignment in order to establish standing. There is no need for "reformation" because the writing (the 1998 Assignment) correctly expresses the parties' intent—to assign all rights in the '947 Patent to IMX, Inc. D.E.#386-4, Ex. D at IMX-E003431. The Federal Circuit also contradicted this argument when it found that the misidentification of the assignee's state of incorporation did not void the assignment. *Tri-Star*, 619 F.3d at 1366-67.

or without it, the conclusion is the same here.

The interpretation of an assignment is a matter of law. Because all objective evidence demonstrates that the inventors intended to, and did, assign the patent to IMX, Inc.—the only entity to which the 1998 Assignment could have been referring—the Court should enter a summary judgment on the issue that IMX owns the '947 patent.

### C. The Inventors Fully Conceived Of The Inventions In The '947 Patent No Later Than August 1995

E-Loan's Opposition misdirects the Court away from the evidence proving conception of the invention embodied in the '947 patent by August 1995.

First, IMX did not waive its right to present evidence of the date of conception. An independent "conception" defense is not required by Federal Rule Civil Procedure 8(c). As IMX plainly asserted an affirmative defense of the patent's validity in response to E-Loan's invalidity counterclaim, IMX met its procedural burden. Regardless, E-Loan has been on notice of IMX's theory of conception prior to the close of discovery, and has not suffered any prejudice to warrant a finding of waiver, even if it did exist legally, which it does not.

Second, and more importantly, IMX has presented contemporaneous documentary evidence proving that the inventors conceived of each and every claim limitation, as construed, by August 1995. E-Loan only challenges IMX's evidence of conception on two points – (1) "loan application" and (2) a database of pending loan applications and their statuses – thus conceding that the submitted evidence establishes conception of the remainder of the asserted claim elements. But, as set forth in IMX's Motion, and reinforced below, it is undisputed that <u>all</u> of the asserted claim elements were fully conceived by August 1995. Therefore, summary judgment on the issue of conception is appropriate.

### 1. IMX Did Not Waive The Issue Of Conception.

Though E-Loan argues waiver, it is unable to cite *any case law* supporting its argument that conception is an obligatory affirmative defense that must be raised in the pleadings over and above raising the defense of patent validity. E-Loan Opp. at 20. IMX plainly met its pleading obligation by asserting the affirmative defense of validity to E-Loan's counterclaim of patent invalidity in IMX's Answer to E-Loan's Counterclaims. D.E.#225 at ¶20. Conception is merely one of many legal theories pertinent to demonstrating that a patent is valid when a claim of patent invalidity is made.

Even if E-Loan were correct that conception is an affirmative defense that requires specific disclosure separate and apart from the affirmative defense of validity under Rule 8(c), E-Loan's prejudice argument falls flat since IMX provided detailed information regarding the purported conception date and evidence supporting same during the discovery period. For example, in the rebuttal expert report of Dr. Martin Kaliski served on December 11, 2009, IMX identified its reliance on the date of conception for the '947 patent. Ex. DD at 1 (citing conception date). Thus, as E-Loan had sufficient notice of IMX's conception theory, E-Loan did not suffer any prejudice warranting the extreme sanction of waiver. *See Rotte v. U.S.*, 615 F. Supp. 2d 1347, 1354 n.9 (S.D. Fla. 2009) (Martinez, J.) (citing *Bergquist v. Fidelity Info. Servs., Inc.*, 197 Fed. Appx. 813, 814 (11th Cir. 2006)); *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) ("if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." (internal quotations omitted)).

Since IMX plainly met its pleading obligations and timely informed E-Loan of the substance of its conception defense, E-Loan's waiver argument must be rejected.

2.     **Documentary Evidence Conclusively Establishes That IMX Fully Conceived Of The Inventions In The '947 Patent No Later Than August 1995.**

No issue of material fact as to the conception date exists because the record evidence clearly and conclusively demonstrates that the inventors fully conceived of the invention at issue by August 1995. Indeed, by August 1995, the inventors had reduced to writing the ideas that later would become the subject matter of the '947 patent. Specifically, at least three documents from July-August 1995 provide a particularized description of these inventions: (1) a Software Architecture Document drafted by Dr. Adiga; (2) a Requirements Specification drafted by Mr. Payankannur; and (3) a Project Log (collectively, the "Conception Documents"). Motion at 16; D.E.#387, IMX SOMF, ¶¶15-25.

E-Loan's two arguments to the contrary do not raise a triable issue of fact.

i.     **The Contemporaneous Documentation Corroborates Conception of a "Loan Application"**

E-Loan's argument that the conception evidence fails to prove conception of "loan application" as construed by this Court is misguided. To the contrary, the evidence routinely describes such "loan applications" consistent with the Court's interpretation. *See e.g.*, D.E.#386-23, Ex. W at IMX-E026326 ("The main activity at the broker site is submitting a loan request for a mortgage."), IMX-E026327 ("The broker should be able to enter the mortgage details and request for a loan."); D.E.#386-24, D.E.#386-24, Ex. X at IMX-E026387 ("There are a lot of mortgage banking applications in industry… We can set up a small application."); D.E.#386-20, Ex. T at ¶22. E-Loan's argument incorrectly assumes, *without authority*, that, to corroborate conception, the contemporaneous documentation must recite verbatim the precise language adopted by the Court for its construction. E-Loan Opp. at 22. This is not the law. Conception evidence need not use verbatim language found in the patent, or a court's claim construction. Rather, the law requires simply that the contemporaneous documents evince that the inventor had

Case 1:09-cv-20965-JEM Document 404 Entered on FLSD Docket 12/16/2010 Page 14 of 19

CASE NO.: 09-20965-CIV-MARTINEZ

the complete mental picture of the invention. *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297-98 (Fed. Cir. 2009). Such is the case here. As set forth in IMX's Motion, and reiterated above, these references affirm the conceived "loan application" consistent with the parameters of this Court's construction of the term and corroborate conception by August 1995.

> ii. The Contemporaneous Documentation Also Corroborates Conception of a "Database of Pending Loan Applications and Their Status"

E-Loan's other argument against conception is equally unavailing. E-Loan Opp. at 22-24. Namely, the argument is based on the mistaken premise that the corroborating documentation must recite the inventive features exactly as stated in the patent. The corroboration documentation need only evince that the inventor had the complete mental picture of the invention. *Univ. of Pittsburgh*, 573 F.3d at 1297-98. Indeed, E-Loan's argument fails on the merits because, here, the contemporaneous documentation confirms the inventors conceived of storing loan applications and status information in a database.[7]

E-Loan's challenge to the portion of Dr. Adiga's declaration addressing the disclosure in these documents also should be disregarded. Contrary to E-Loan's contention, it is entirely permissible for this Court to consider such testimony on summary judgment, especially when the

---

[7] *See e.g.*, D.E.#386-22, Ex. V at IMX-E026323 ("IMEX Server consists of a collection of three separate servers – a HTTPD server, Application Server, and Database Server… Database server will be Illustra."), IMX-E026323 ("Application Transaction Flow… 6. Data received by HTTPD Server, calls CGI scripts, invokes Application Server (C++ program), processing and retrieval/storage of data from Data Server."), IMX-E026325 ("database storage"); D.E.#386-23, Ex. W at IMX-E026327 ("The broker should be able to inquire the status of the mortgage(s)…. A broker can modify the mortgage after it is registered with IMEX"); D.E.#386-20, Ex. T at ¶¶19-22. E-Loan's assertion that "pending" loan applications were not stored in the database is nonsensical. Even if E-Loan's interpretation of "pending" in this instance were correct (it is not), the corroborating documentation clearly specifies that borrowers (i.e., brokers) – not IMX – submitted the loan applications. *See, e.g.*, D.E.#386-23, Ex. W at IMX-E026326 ("The main activity at the broker site is submitting a loan request for a mortgage."), IMX-E026327 ("The broker should be able to enter the mortgage details and request for a loan.").

13
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

testimony is offered by the author of the documentation and is not the exclusive means by which a party seeks to corroborate early conception. *See, e.g., Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1263 (Fed. Cir. 2002) (considering inventor testimony as relevant in determination of conception date). Here, Dr. Adiga's testimony is relevant to interpret key language in the documentation addressing, among other things, database storage. Despite having deposed Dr. Adiga at length in this case – including on the issue of conception – E-Loan has not put forth any contrary testimony from Dr. Adiga (or anyone else) that would create a disputed material fact in its favor on this point. The documentation and supporting testimony confirm that the inventors fully conceived of storing loan applications and status information in a database by August 1995.[8]

### 3. Reduction To Practice Is A Separate Inquiry That Is Not Relevant Here Because IMX Is Only Seeking Summary Judgment That Conception Occurred No Later Than August 1995.

The only question necessary for the Court to resolve on summary judgment is whether the inventors fully conceived of the inventions embodied in the '947 patent by August 1995. E-Loan obscures this narrow issue by interjecting <u>irrelevant</u> arguments about alleged reduction to practice and diligence. E-Loan Opp. at 24-27. The Court should disregard all of these arguments since they have no bearing on *when* conception occurred in this case. The documentary evidence submitted by IMX conclusively proves complete conception of the invention by August 1995. Accordingly, the Court should find in IMX's favor on this narrow issue.

---

[8] E-Loan undermines its own argument by conceding that the documentation establishes that the inventors thought of using a database system in a server to store and retrieve data. E-Loan Opp. at 23. When the documentation is considered in light of this concession, the only logical conclusion that can be drawn from the evidence is that loan applications and status information were stored in this database since the documentation explicitly references storing (i.e., registering) these items.

CASE NO.: 09-20965-CIV-MARTINEZ

## V.   CONCLUSION

For these reasons and for the reasons set forth in the initial motion, E-Loan has failed to raise a triable issue of fact and IMX is entitled to summary judgment on notice of infringement, patent ownership, and an August 1995 conception of the asserted claims.

Dated: December 16, 2010

Respectfully submitted,

ASTIGARRAGA DAVIS MULLINS
& GROSSMAN, P.A.
701 Brickell Avenue
16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

By:   /s/ Edward M. Mullins
Edward M. Mullins (Fla. Bar No. 863920)
E-Mail: emullins@astidavis.com
Annette C. Escobar (Fla. Bar No. 369380)
E-Mail: aescobar@astidavis.com

*Local Counsel for Plaintiff IMX, Inc.*

-and-

DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303
Telephone: (650) 833-2000
Fascimile: (650) 833-2001

M. Elizabeth Day (CA Bar No. 177125)*
Marc Belloli (CA Bar No. 244290)*
Erik R. Fuehrer (CA Bar No. 252578)*
* *Admitted Pro Hac Vice*

*Lead Counsel for Plaintiff IMX, Inc.*

CASE NO.: 09-20965-CIV-MARTINEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Edward M. Mullins
Edward M. Mullins (Fla. Bar. No. 863920)

CASE NO.: 09-20965-CIV-MARTINEZ

## SERVICE LIST
*IMX, Inc. d/b/a Global Netoptex, Inc. v. E-Loan, Inc. and Banco Popular North America, Inc.*
Case No.: 09-20965-CIV-MARTINEZ
United States District Court, Southern District of Florida

Edward M. Mullins
emullins@astidavis.com
Annette C. Escobar
aescobar@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF

M. Elizabeth Day
elizabeth.day@dlapiper.com
John Allcock
john.allcock@dlapiper.com
Stanley J. Panikowski
stanley.panikowski@dlapiper.com
Erik R. Fuehrer
erik.fuehrer@dlapiper.com
Marc Belloli
marc.belloli@dlapiper.com
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, California 94303
*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF

Michael R. Casey
mcasey@dbjg.com
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22203

*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF

James A. Gale
jgale@feldmangale.com
Samuel A. Lewis
slewis@feldmangale.com
Rafael A. Perez-Pineiro
rperez@feldmangale.com
Christopher P. Demetriades
cdemetriades@feldmangale.com
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5001
Facsimile: (305) 358-3309

*Attorneys for Defendant E-Loan, Inc.*
Electronically served via CM/ECF

CASE NO.: 09-20965-CIV-MARTINEZ

William G. Goldman
bgiplaw@gmail.com
P.O. Box 2548
Menlo Park, California 94026

*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF