UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IMX, INC., d/b/a GLOBAL NETOPTEX, INC.,

Plaintiff,

vs.

E-LOAN, INC. and BANCO POPULAR NORTH AMERICA, INC.,

Defendants.

CASE NO. 09-20965-CIV-MARTINEZ
Magistrate Judge Brown

**IMX, INC.'S REPLY TO E-LOAN'S RESPONSE TO IMX'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF IMX'S RENEWED MOTION FOR SUMMARY JUDGMENT OF NOTICE OF INFRINGEMENT, PATENT OWNERSHIP AND CONCEPTION OF THE ASSERTED CLAIMS**

DLA PIPER LLP (US)
M. Elizabeth Day (CA Bar No. 188125)*
Mark Belloli (CA Bar No. 244290)*
Erik R. Fuehrer (CA Bar No. 252578)*
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833-2000
Facsimile: (650) 833-2001

*Lead Counsel for Plaintiff IMX, Inc.*

**Admitted Pro Hac Vice*

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Annette C. Escobar (Fla. Bar No. 369380)
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*Local Counsel for Plaintiff IMX, Inc.*

**Plaintiff IMX, Inc. ("IMX") replies to "E-Loan's Response to Plaintiff's Statement of Material Facts" as follows:**

1. E-Loan's denial of this fact is not supported by the record. It is a matter of public record that IMX filed an action for infringement of U.S. Patent No. 5,995,947 in the District of Delaware against E-Loan on November 24, 2003.

2. E-Loan's denial of this fact is not supported by the record. It is a matter of public record that, on February 14, 2004, E-Loan filed its "Answer, Affirmative Defenses and Counterclaims" to IMX's complaint in the Delaware Action and that E-Loan asserted an affirmative defense and declaratory judgment counterclaim of non-infringement of U.S. Patent No. 5,995,947 and an affirmative defense seeking the limitation of damage for infringement occurring "prior to the filing of the Complaint" in the Delaware Action. E-Loan's response makes no demonstration to the contrary.

3. E-Loan's denial of this fact is not supported by the record. It is a matter of public record that the patent infringement action between IMX and E-Loan in the District of Delaware was dismissed without prejudice on June 14, 2004.

5. E-Loan's denial of this fact is not supported by the record, and E-Loan's rationale for its denial does not respond to the fact stated by IMX. The fact stated is that IMX obtained a Certificate of Qualification to transact intrastate business in California under the fictitious business name IMX Mortgage Exchange. Nowhere does IMX state, as E-Loan's asserts in its denial, that IMX obtained a Certificate of Qualification to transact business as "IMX Mortgage Exchange, a California Corporation." Accordingly, there is no basis for E-Loan to deny this fact.

6. E-Loan's denial of this fact is not supported by the record, and E-Loan's rationale for its denial does not respond to the fact stated by IMX. The only evidence of record, including the

assignment itself and the testimony of Dr. Adiga, is that the inventors signed the Assignment on May 21, 1998. E-Loan cites no evidence or authority to the contrary. Moreover, nothing in IMX's statement of fact concerns the intent of any of the inventors as E-Loan states in response. Finally, testimony regarding whether someone performed the act of signing a document is not hearsay because it is not an out-of-court statement used to prove the truth of the matter asserted.

7. E-Loan's denial of this fact is not supported by the record. IMX recites a provision verbatim from the May 1998 Assignment. Moreover, IMX is not using the May 1998 Assignment "as a replacement for actual sworn testimony from each of the inventors regarding the invention they allegedly invented or the intent that the inventors had when signing the assignment" as E-Loan illogically asserts.

8. E-Loan's denial of this fact is not supported by the record. IMX recites a provision verbatim from the May 1998 Assignment. E-Loan's citations are irrelevant to whether the May 1998 Assignment contains the provision cited by IMX.

9. E-Loan's denial of this fact is not supported by the record. IMX recites a provision verbatim from the May 1998 Assignment. E-Loan's citations are irrelevant to whether the May 1998 Assignment contains the provision cited by IMX.

10. E-Loan's denial of this fact is not supported by the record. The only evidence of record is that Dr. Adiga, Mr. Payankannur, and Mr. Fraser worked for IMX, Inc. at the time they signed the 1998 Assignment. Moreover, IMX, Inc., which was registered to do business in California as IMX Mortgage Exchange at the time was the only IMX entity that existed in 1998. D.E.#386-6, Ex. F; Ex. AA at IMX-E019469; Ex. BB at IMX-E023526, IMX-E023528, IMX-E023534; Ex. CC at IMX-E073662-64; E-Loan Opp., Ex. 11. This fact is consistent with and supported by Dr. Adiga's testimony.

11. E-Loan's denial of this fact is not supported by the record. E-Loan's response does not, in any way, contradict or even directly address the undisputed fact that in 1998, IMX, Inc.'s offices were located at 111 Deerwood Road, Suite 220, San Ramon, California 94583. Moreover, contrary to E-Loan's response to this undisputed fact, all of the shares of Industrywide Mortgage Exchange, LLC ("IMX LLC") had been acquired by IMX, Inc. and IMX LLC was subsequently dissolved long before 1998. Ex. AA at IMX-E019469; Ex. BB at IMX-E023526, IMX-E023528, IMX-E023534; Ex. CC at IMX-E073662-64; E-Loan Opp., Ex. 11. The only entity operating at 111 Deerwood Road, Suite 220, San Ramon, California 94853 in 1998 was IMX, Inc.

12. E-Loan's denial of this fact is not supported by the record. E-Loan's response does not, in any way, contradict or even directly address the undisputed fact that Robert Mihalyi and Philip Bouchard executed a Nunc Pro Tunc Patent Assignment that lists IMX Mortgage Exchange as the Assignor and IMX, Inc. as the Assignee.

19. E-Loan's denial of this fact is not supported by the record. Whether or not Dr. Adiga was present at certain meetings is irrelevant. E-Loan does not challenge the basis of the fact that Dr. Adiga created and maintained the Project Log in 1995.

20. E-Loan's denial of this fact is not supported by the record. The Project Log is evidence of contemporaneous documentation created by the inventor, Dr. Adiga, demonstrating conception of the invention. E-Loan does not challenge the accuracy of the dates indicated in the Project Log.

21. E-Loan's denial of this fact is not supported by the record. E-Loan only challenges the disclosure in the Software Architecture Document, not the Requirements Specification. Notwithstanding this, the architecture details that E-Loan recites from the Software Architecture

Document expressly identify an Illustra database and the processing, retrieval and storage of data from/in the database. The architecture details that E-Loan recites from the Software Architecture Document also expressly identify loan information details and status information. The only means of storage provided in the Software Architecture Document for such information is a database. The Requirements Specification confirms that loan application and status information were stored in the database. E-Loan does not challenge Dr. Adiga's testimony explaining the Software Architecture Document and the Requirements Specification.

22. E-Loan's denial of this fact is not supported by the record. The Software Architecture Document expressly refers to client requests being sent to the IMEX server by users. The Software Architecture Document also refers to data retrieval/storage from the data server in response to such requests. E-Loan does not challenge Dr. Adiga's testimony explaining the Software Architecture Document.

23. E-Loan's denial of this fact is not supported by the record. Mr. Myer's testimony is not at all relevant to whether the inventors had conceived of real-time server responsiveness to client requests, as Mr. Myer is not an inventor on the '947 patent. The term "real-time" is not required to be recited verbatim in the Software Architecture Document to demonstrate conception. The Application Transaction Flow section provides the messaging framework and describes real-time responsiveness with regard to requests issued from client devices. E-Loan does not challenge Dr. Adiga's testimony explaining the Software Architecture Document.

25. E-Loan's denial of this fact is not supported by the record. The Project Log expressly refers to LoanToValue, which is a computed value that might be of interest to lenders. E-Loan does not challenge Dr. Adiga's testimony explaining the meaning of the Project Log.

**IMX controverts E-Loan's "Additional Facts Relevant to E-Loan's Opposition to Summary Judgment" as follows:**

26. Disputed. The testimony of Dr. Adiga to which E-Loan cites does not support the purported fact. Dr. Adiga never testified about a prototype of the invention, and there is no reference in this cited testimony to any work on a prototype stopping and resuming in May 1996. Rather, the cited testimony generally relates to a loan trading system that includes lenders, and is thus irrelevant to the proposition for which E-Loan seeks to use this testimony.

27. Undisputed. Dr. Adiga's declaration is limited to temporal events and documentation relating to the inventors' conception of their invention up to and including August 1995. The inventors' timely, diligent reduction to practice of their prototype that occurred post-August 1995 and its operability is not pertinent to when the inventors fully conceived of their invention.

28. Undisputed. Dr. Adiga worked for IMX from 1995 to 2000.

29. Undisputed. IMX, Inc. was formed as a Delaware corporation on November 6, 1996.

30. Undisputed. Industrywide Mortgage Exchange, LLC was formed in August 1995, and dissolved after IMX, Inc. acquired all of its outstanding equity interest in December 1996. Ex. AA at IMX-E019469; Ex. BB at IMX-E023526, IMX-E023528, IMX-E023534; Ex. CC at IMX-E073662-64; E-Loan Opp., Ex. 11.

31. Disputed. IMX asserted the affirmative defense of validity to E-Loan's counterclaim of invalidity. D.E.#225 at 3. Prior conception is simply one of many ways to show that a patent is valid over alleged prior art.

32. Disputed. IMX has sought only a finding of a conception date of August 1995. No evidence of diligence in reduction to practice is required to demonstrate when conception

occurred and thus no evidence of diligence in reduction to practice need be shown on summary judgment. See IMX Reply Memorandum at 14-15..

33.   Disputed.   E-Loan incorrectly focuses on only limited pages in the conception documentation and ignores the totality of pages in these documents which affirm the inventors had fully conceived of each of these items by August 1995. For example, Ex. W (D.E.#386-23) confirms conception of a loan application and specifies that borrowers (i.e., brokers) submit such loan applications to the database and that these applications are stored in the database. *See e.g.,* D.E.#386-23, Ex. W at IMX-E026326 ("The main activity at the broker site is submitting a loan request for a mortgage."), IMX-E026327 ("The broker should be able to enter the mortgage details and request for a loan."), IMX-E026327 ("A broker can modify the mortgage after it is registered with IMEX"). Moreover, Exs. V (D.E.#386-22) and W (D.E.#386-23) collectively confirm the inventors conceived of storing loan applications and status information in the database. *See e.g.,* D.E.#386-22, Ex. V at IMX-E026323 ("IMEX Server consists of a collection of three separate servers – a HTTPD server, Application Server, and Database Server... Database server will be Illustra."), IMX-E026323 ("Application Transaction Flow... 6. Data received by HTTPD Server, calls CGI scripts, invokes Application Server (C++ program), processing and retrieval/storage of data from Data Server."), IMX-E026325 ("database storage"); D.E.#386-23, Ex. W at IMX-E026327 ("The broker should be able to inquire the status of the mortgage(s).... A broker can modify the mortgage after it is registered with IMEX").

34.   Disputed.   The Court declined to construe the term "pending" in the asserted claims of the '947 patent beyond their ordinary meaning and did not accept the meaning alleged by E-Loan. D.E.#270 at 11.

35. Disputed. As an initial matter, Mr. Austin's testimony is not relevant to any issue for which IMX seeks summary judgment. Moreover, Mr. Austin's testimony does not stand for the proposition cited by E-Loan. The testimony immediately following the passage cited by E-Loan confirms that both Mr. Austin and IMX believed that E-Loan was infringing when E-Loan was dismissed without prejudice during the Delaware Action and that Mr. Austin misunderstood the question cited by E-Loan. Ex. EE at 160:14-25. Moreover, Mr. Austin testified unequivocally in this litigation that E-Loan was dismissed without prejudice from the Delaware action to conserve financial resources from ongoing litigation. Ex. FF at 49:1-50:22, 126:7-128:5.

36. Disputed. This is not a statement of fact, but is a legal conclusion, and requires no response. Moreover, this statement is not relevant to any issue for which IMX seeks summary judgment. To the extent a response is deemed required, the statement is disputed. IMX's complaint in the Delaware Action provided E-Loan with sufficient information to identify IMX's charge of infringement. Indeed, E-Loan answered the complaint in the Delaware action and asserted affirmative defenses, including non-infringement. D.E.#386-2, Ex. B.

37. This is not a statement of fact, but is a legal conclusion, and requires no response. Moreover, this statement is not relevant to any issue for which IMX seeks summary judgment.

38. This is not a statement of fact, but is a legal conclusion, and requires no response. Moreover, this statement is not relevant to any issue for which IMX seeks summary judgment.

39. Disputed. The cited testimony only stands for the proposition that E-Loan ceased its direct lending operations in 2008. E-Loan continues to offer deposit accounts.

Dated: December 16, 2010

Respectfully submitted,

ASTIGARRAGA DAVIS MULLINS
& GROSSMAN, P.A.
701 Brickell Avenue
16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

By: /s/ Edward M. Mullins
Edward M. Mullins (Fla. Bar No. 863920)
E-Mail: emullins@astidavis.com
Annette C. Escobar (Fla. Bar No. 369380)
E-Mail: aescobar@astidavis.com

*Local Counsel for Plaintiff IMX, Inc.*

-and-

DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303
Telephone: (650) 833-2000
Fascimile: (650) 833-2001

M. Elizabeth Day (CA Bar No. 177125)*
Marc Belloli (CA Bar No. 244290)*
Erik R. Fuehrer (CA Bar No. 252578)*
* *Admitted Pro Hac Vice*

*Lead Counsel for Plaintiff IMX, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar. No. 863920)

**SERVICE LIST**

*IMX, Inc. d/b/a Global Netoptex, Inc. v. E-Loan, Inc. and Banco Popular North America, Inc.*
Case No.: 09-20965-CIV-MARTINEZ
United States District Court, Southern District of Florida

Edward M. Mullins
emullins@astidavis.com
Annette C. Escobar
aescobar@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF

M. Elizabeth Day
elizabeth.day@dlapiper.com
John Allcock
john.allcock@dlapiper.com
Stanley J. Panikowski
stanley.panikowski@dlapiper.com
Erik R. Fuehrer
erik.fuehrer@dlapiper.com
Marc Belloli
marc.belloli@dlapiper.com
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, California 94303
*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF

Michael R. Casey
mcasey@dbjg.com
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22203

*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF

James A. Gale
jgale@feldmangale.com
Samuel A. Lewis
slewis@feldmangale.com
Rafael A. Perez-Pineiro
rperez@feldmangale.com
Christopher P. Demetriades
cdemetriades@feldmangale.com
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5001
Facsimile: (305) 358-3309

*Attorneys for Defendant E-Loan, Inc.*
Electronically served via CM/ECF

CASE NO.: 09-20965-CIV-MARTINEZ

William G. Goldman
bgiplaw@gmail.com
P.O. Box 2548
Menlo Park, California 94026

*Attorneys for Plaintiff IMX, Inc.*
Electronically served via CM/ECF

11
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.